# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
On Remand from the Tennessee Supreme Court

## STATE OF TENNESSEE v. ANTHONY RIGGS

**Direct Appeal from the Circuit Court for Wayne County**
**No. 13,665      Stella Hargrove, Judge**

---

**No. M2007-02322-RM-CD - Filed May 7, 2008**

---

Following a jury trial, Defendant, Anthony Riggs, was found guilty of the offense of rape, a Class B felony, and the trial court sentenced Defendant to twelve years for his conviction. On appeal, Defendant argued that the length of the sentence was excessive and contrary to *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). Upon review, this Court found that the trial court improperly applied two of the five enhancement factors it found applicable. Nonetheless, relying on *State v. Gomez*, 163 S.W.3d 632 (Tenn. 2005) ("*Gomez I*"), we concluded that the remaining three enhancement factors were sufficient to enhance Defendant's sentence to twelve years and affirmed his sentence. *State v. Anthony Riggs*, No. M2005-02105-CCA-R3-CD, 2007 WL 49553 (Tenn. Crim. App., at Nashville, January 8, 2007). Defendant filed an application for permission to appeal pursuant to Rule 11(a) of the Tennessee Rules of Appellate Procedure. The Tennessee Supreme Court granted Defendant's application for the limited purpose of remanding to this Court for reconsideration of the length of Defendant's sentence in light of *State v. Gomez*, 239 S.W.3d 733 (Tenn. 2007) ("*Gomez II*"). After a thorough review of the record, we modify Defendant's sentence for rape from twelve years to eleven years.

### Tenn. R. App. P. 3 Appeal as of Right;
### Judgment of the Circuit Court Affirmed as Modified

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, J., joined. JAMES CURWOOD WITT, JR., filed a separate concurring opinion.

Claudia S. Jack, District Public Defender; and R.H. Stovall, Jr., Assistant Public Defender, Pulaski, Tennessee, for the appellant, Anthony Riggs.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General, T. Michel Bottoms, District Attorney General; and Douglas A. Dicus, Assistant District Attorney General, for the appellee, the State of Tennessee.

# OPINION

## I. Background

The facts supporting Defendant's conviction of rape were previously summarized by this Court as follows:

The victim in this case, C.R., was thirteen years old at the time of the incident. (The minor victim will be referred to by her initials.) C.R. was spending the night with her friend Hope, who was Defendant's daughter, at Defendant's house. Defendant gave Hope and C.R. Natural Light beer. C.R. drank the beer mixed with Mountain Dew. The three played a drinking game known as "quarters." The two girls then went to lie down on a bed. While they were lying down, Defendant's ex-wife came to the house to argue about a bill. After the ex-wife left, Defendant and the two girls sat on the couch. Hope stated that she was tired and wanted to go to bed. C.R. remained on the couch to finish watching a movie they had begun watching earlier.

Defendant and C.R. were on the couch watching the movie between 3:00 and 4:00 a.m. Defendant brought a pillow and blanket for C.R. As they were watching the movie, Defendant removed C.R.'s sock and began rubbing her leg. He pulled C.R. close to him and tried to pull her shorts off, but they would not come off. He then unbuttoned the shorts, removed them, and threw them on the floor. Defendant inserted his finger in C.R.'s vagina "over and over for like three or four minutes," according to the victim. Defendant then pulled off C.R's boxer shorts, went to a shelf on her side of the couch and retrieved a condom. He put the condom on and proceeded to penetrate her vagina with his penis while lying on top of her. C.R. told Defendant to stop but he told her to, "stop acting like a bitch and take it like a woman." Defendant then flipped C.R. over onto her knees and penetrated her vagina from behind, while saying, "[Y]ou know you want it."

When he finished, Defendant told C.R. to go to the bathroom. When she refused, Defendant went to the bathroom and left her alone. Defendant came out of the bathroom and threatened to kill C.R. if she ever told anyone what happened.

C.R. was afraid to leave at 3:00 or 4:00 a.m., so she went to sleep. When she awoke the next morning, she and Hope went for a walk, and C.R. told Hope that Defendant had raped her. C.R. then walked to another friend's house and called her mother. Her mother came to get her and immediately took C.R. to the hospital.

The doctor at the hospital performed an examination. He found that C.R.'s hymen had been torn. C.R. also had an abrasion on the inside of her thigh. He opined

-2-

that C.R. had had sexual intercourse within twelve to twenty-four hours before the examination.

*Anthony Riggs*, 2007 WL 49553, at *1.

Following a sentencing hearing, the trial court considered five enhancement factors in determining the length of Defendant's sentence: factor (1), that Defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range; factor (4), that the victim was particularly vulnerable because of age or physical disability; factor (7), that the offense was committed to gratify the defendant's desire for pleasure or excitement; factor (8), that Defendant had a previous history of unwillingness to comply with the conditions of a sentence including release in the community; and factor (14), that Defendant abused a position of private trust. T.C.A. § 40-35-114(1), (4), (7), (8), and (14) (Supp. 2005).

At the time that Defendant was sentenced, the General Assembly had made substantial changes to the Tennessee Criminal Sentencing Reform Act of 1989, the "Sentencing Act," in order for our sentencing scheme not to violate a defendant's Sixth Amendment right to a jury trial as outlined in *Blakely v. Washington*. 2005 Tenn. Pub. Acts ch. 353; *see Cunningham v. California*, 549 U.S. ___, 127 S. Ct. 856, n.18, 166 L. Ed. 2d 856 (2007) (implicitly noting that Tennessee's sentencing scheme, as amended, is now in compliance with the Sixth Amendment concerns regarding judge sentencing). The amendments to the Sentencing Act were effective June 7, 2005, prior to Defendant's sentencing hearing on July 18, 2005. However, defendants who are sentenced after the effective date of the amended Sentencing Act for offenses committed prior to June 7, 2005, are required to execute a waiver of the defendant's ex post facto protections in order to be sentenced under the amended Sentencing Act. Because Defendant did not execute such a waiver, his offense is governed by prior law. *See* T.C.A. § 40-35-114 (2005), Sentencing Commission Comments.

After a review of the record on appeal, we concluded that the trial court improperly considered enhancement factors (4) and (7) in determining the length of Defendant's sentence. However, this Court also determined "that the remaining three have ample support." Relying on *Gomez I*, we concluded that the three remaining enhancement factors, and no mitigating factors, were sufficient to enhance Defendant's sentence to twelve years. *Anthony Riggs*, 2007 WL 49553, at *6.

At the time of Defendant's sentencing hearing, our supreme court had concluded that Tennessee's sentencing structure prior to the 2005 amendments to the Sentencing Act did not violate a defendant's Sixth Amendment rights. *Gomez I*, 163 S.W.3d at 661. However, the United States Supreme Court vacated the Tennessee Supreme Court's decision in *Gomez I* on February 2, 2007, and remanded the case for reconsideration in light of *Cunningham*. On October 9, 2007, while Defendant's Rule 11 application for permission to appeal was pending, our supreme court issued its decision in *Gomez II*.

In *Gomez II*, our supreme court held that:

[a]pplying *Cunningham*, we conclude that the [Tennessee Criminal Sentencing Reform Act of 1989] failed to satisfy the Sixth Amendment insofar as it allowed a presumptive sentence to be enhanced based on judicially determined facts. That is, to the extent the Reform Act permitted enhancement based on judicially determined facts other than the fact of a prior conviction, it violated the Sixth Amendment [right to a jury trial] as interpreted by the Supreme Court in *Apprendi*, *Blakely*, and *Cunningham*.

*Gomez II*, 239 S.W.3d at 740.

The trial court's application of enhancement factor (1), which was upheld on appeal, was based, in part, on Defendant's prior misdemeanor convictions, which consisted of four convictions for "worthless checks," an undesignated traffic offense in Tennessee, and a DUI in Kentucky. Under *Gomez II*, consideration of Defendant's prior convictions in determining the length of his sentence "does not offend the Sixth Amendment." *Id*. The trial court, however, also applied enhancement factor (1) on a finding that Defendant had engaged in prior criminal behavior. *See* T.C.A. § 40-35-114(1) (providing for enhancement of a sentence if a defendant has either prior criminal convictions or criminal behavior).

At the sentencing hearing, Gloria Huckaby, Defendant's ex-wife, testified that Defendant had previously physically abused her on several occasions. Ms. Huckaby described situations during which Defendant had broken her hand and her ribs. On cross-examination, Ms. Huckaby acknowledged that it was "probably not" always Defendant who started the fights, and that Defendant was also injured during some of the altercations. On cross-examination, Defendant testified that he had previously engaged in physical altercations with Ms. Huckaby and had broken Ms. Huckaby's hand on one occasion. Defendant stated, however, that "it was a give and take" situation, that is, that Ms. Huckaby hurt him, and he hurt her back. Defendant explained that Ms. Huckaby was "not beyond picking something up and bashing [one] in the head with it."

*Blakely* provides that the "statutory maximum" sentence is the maximum sentence a judge may impose based on facts reflected in the jury's verdict, the defendant's prior convictions, or facts "admitted by the defendant." *Blakely*, 542 U.S. at 304. Although the United States Supreme Court did not elaborate on what constitutes an admission, our supreme court has implicitly found that an admission of prior criminal behavior by a defendant during the sentencing process may support consideration of enhancement factor (1) without running afoul of Sixth Amendment concerns. *Gomez II*, 239 S.W.3d at 742 (noting that the proof at the sentencing hearing established that Defendant Londono had previous convictions . . . and also admitted to prior illegal drug use).

Various panels of this Court have also concluded that a defendant's unequivocal admission, at trial or during the sentencing process, may support application of a statutory enhancement factor under *Blakely*. *See State v. Jerry W. Tullos*, No. E2006-01833-CCA-R3-CD, 2007 WL 2377354, at *11 (Tenn. Crim. App., at Nashville, Aug. 21, 2007), *perm. to appeal denied* (Tenn. Feb. 4, 2008) (concluding that the defendant's history of criminal convictions and his admission in the presentence

report that he had previously shot at another man and pulled a knife on the victim's brother supported application of enhancement factor (1) without violating *Blakely*); *State v. Mohamed Medhet Karim*, No. M2006-00619-CCA-R3-CD, 2007 WL 1435390, at *5 (Tenn. Crim. App., at Nashville, May 16, 2007), *perm. to appeal denied* (Tenn. Aug. 13, 2007) (concluding that the trial court properly considered the defendant's use of a deadly weapon in enhancing his sentence for his second degree murder conviction because the defendant testified both at trial and at the sentencing hearing that he possessed a knife during the altercation); *State v. Christopher Franklin Waddell*, No. M2004-00126-CCA-R3-CD, 2005 WL 176495, at *6 (Tenn. Crim. App., at Nashville, Jan. 27, 2005), *perm. to appeal denied* (Tenn. May 3, 2005) (concluding that the defendant's testimony at the sentencing hearing that he had committed additional crimes while he was on probation supported consideration of enhancement factor ([8])).

At the least, we believe that an admission sufficient to support the enhancement of a defendant's sentence under *Blakely* must rest upon a defendant's unequivocal testimony, at trial or at the sentencing hearing, or a factual acknowledgment in the presentence report when the presentence report is introduced as an exhibit at the sentencing hearing without objection. However, ambiguity in a defendant's testimony at trial or during the sentencing hearing, or a challenge asserted by the defendant to the factual basis offered in support of the enhancement factor reflected in a presentence report, at a minimum, requires the trial court to make an additional finding as to credibility. If the trial court "'must find an additional fact to impose the longer term, the Sixth Amendment requirement is not satisfied.'" *Gomez II*, 239 S.W.3d at 740 (quoting *Cunningham*, 127 S. Ct. at 869).

In the case *sub judice*, Defendant admitted that he had engaged in physical altercations with Ms. Huckaby, and on one occasion, he broke Ms. Huckaby's hand. Defendant's testimony, however, implied that he acted in self-defense on some occasions, and it is not clear whether one of those occasions was the altercation which resulted in the breaking of Ms. Huckaby's hand, or even whether the injury to Ms. Huckaby was accidental. The trial court made a credibility finding, and found by a preponderance of the evidence that Defendant's testimony lacked candor. Based on this record, it is not clear whether Defendant's acknowledgment of prior criminal behavior rose to the level of an admission as contemplated by *Blakely* necessary to support enhancement of his sentence on this basis.

Nonetheless, Defendant has prior misdemeanor convictions which support consideration of enhancement factor (1). *Gomez II*, 239 S.W.3d at 740. Defendant also testified during the sentencing hearing that he has had "probation revocations." The presentence report reflects that Defendant had his probation revoked in July 2003, and again in December 2003. The presentence report was introduced as an exhibit at trial without objection. Thus, we conclude that consideration of enhancement factor (8), that Defendant has a previous history of unwillingness to comply with the conditions of a sentence including release in the community, is appropriate. *See id.* § 40-35-114(8), *Gomez II*, 239 S.W.3d at 742. The trial court's application of enhancement factor (14) based on a finding that Defendant violated a position of private trust to commit the offense, however, was

neither submitted to a jury nor admitted by Defendant. Therefore, the rule in *Gomez II* precludes application of this factor.

As a Range I, standard offender, Defendant is subject to a sentence of between eight and twelve years for his conviction of rape, a Class B felony. *Id*. § 40-35-112(a)(2). In calculating the sentence for a Class B felony conviction, the presumptive sentence is the minimum of the range, or eight years, if there are no enhancement factors present. *Id*. § 40-35-210(c); *Gomez II*, 239 S.W.3d at 740. Based on the presence of these two enhancement factors, we modify Defendant's sentence from twelve years to eleven years.

## CONCLUSION

After review, we modify Defendant's sentence for rape from twelve years to eleven years, and remand to the trial court for entry of an amended judgment reflecting a sentence of eleven years.

_____
THOMAS T. WOODALL, JUDGE