**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jose Nicolas Sanches MONTES,
aka Jose Nicholas Montes,
Defendant—Appellant.**

**United States of America,
Plaintiff—Appellee,**

v.

**Gustavo Sanches Montes, Defendant—
Appellant.**

**Nos. 03–50217, 03–50258.
D.C. Nos. CR–01–00056–RT–
01, CR–01–00056–RJT.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 1, 2004.

Decided Nov. 9, 2004.

Mark Childs, Asst. U.S. Atty., USLA—Office of the U.S. Attorney Los Angeles, CA, for Plaintiff–Appellee.

Charles C. Brown, FPDCA—Federal Public Defender's Office, Los Angeles, CA, Alissa Sawano Peterson, Irvine, CA, for Defendant–Appellant.

Before TASHIMA, FISHER and TALLMAN, Circuit Judges.

MEMORANDUM *

Jose Nicolas Sanches Montes and Gustavo Sanches Montes appeal their convictions for distribution of methamphetamine and conspiracy to distribute methamphetamine. Gustavo Montes also appeals his sentence of 240 months' imprisonment and 10 years' supervised release. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Gustavo Montes contends that the district court erred in excluding evidence regarding the DEA informant's prior convictions, arrests that did not result in convictions and deportations. The court admitted evidence regarding the payments and benefits the informant received for his

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

work for the DEA, his past and present drug use, his illegal alien status and lies that he told to government officials. Because the district court allowed sufficient cross-examination for the jury to appraise the informant's bias and motives, the exclusions did not violate the Confrontation Clause. *See, e.g., United States v. Bensimon,* 172 F.3d 1121, 1128 (9th Cir.1999). Because the district court reasonably found that the dangers of unfair prejudice, confusion of the issues, undue delay and misleading the jury outweighed the probative value of the evidence, the exclusions did not constitute an abuse of discretion under Federal Rule of Evidence 608 or 609. *See* Fed.R.Evid. 608(b), 609(a), 609(b). The defense did not object to the exclusions under Rule 404(b) at trial, and the district court's finding that evidence of the informant's prior arrests and deportations was not probative of the informant's motives or intent was not plain error. *See* Fed R. Evid. 404(b).

■  The district court did not abuse its discretion by admitting the testimony of a lay witness under Rule 901(b)(5) to identify Jose Montes' voice on recordings. The witness established sufficient familiarity with Jose Montes' voice by listening at least 10 times to a clear, 20–minute recording of him conversing with a friend. *See* Fed.R.Evid. 901(b)(5). The jurors also listened to the recordings and were instructed to reach their own conclusions as to the identity of the speakers.

■  The Monteses further contend that the government committed *Griffin* error by commenting on Jose Montes' failure to call an acquaintance or family member to counter the voice identification testimony. Jose Montes' claim fails because the Fifth Amendment does not bar a prosecutor from commenting on a defendant's failure to call witnesses to speak on his behalf. *See United States v. Cabrera,* 201 F.3d

1243, 1250 (9th Cir.2000). Gustavo Montes contends that the prosecutor's comment implicated his own failure to testify. Even if the comment could be construed in this manner, the error was not prejudicial—the court struck the government's remark and the government immediately acknowledged that it bore the burden of proof. *See United States v. Gray,* 876 F.2d 1411, 1416 (9th Cir.1989).

■  Gustavo Montes also challenges the enhancement of his sentence based on a prior conviction charged in an information. *See* 21 U.S.C. § 841(b). "Any challenge to a prior conviction, not raised by response to the information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failure to make a timely challenge." 21 U.S.C. § 851(c)(2). The district court repeatedly reminded Gustavo Montes and his counsel to file a written response to the government's information. Counsel did not do so, and Gustavo Montes has not demonstrated good cause here. His objection is therefore waived.

Finally, Gustavo Montes argues that the district court should have granted a downward departure for sentence entrapment. He did not raise this issue at sentencing, and the record contains no indication that the district court considered a departure for entrapment or that it was plain error not to do so.

**AFFIRMED.**