IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 15, 2007

## STATE OF TENNESSEE v. SHUNDELL L. DICKERSON

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2004-A-538     Cheryl Blackburn, Judge**

---

**No. M2006-02021-CCA-R3-CD - Filed July 18, 2008**

---

The defendant, Shundell L. Dickerson, was convicted of facilitation of first degree murder (Class A felony) and sentenced as a Range III, persistent offender to sixty years in prison. He appeals his conviction and sentence. He argues the trial court erred in: (1) precluding him from entering into evidence an anonymous letter mailed to the police in which other persons were named as responsible for the crime; (2) limiting the questioning of a witness regarding his expectations of favorable treatment in exchange for his testimony; and (3) allowing the prosecutor to make improper remarks during closing argument. Finally, the defendant argues enhancement factors were improperly applied to increase his sentence. After careful review, we affirm the judgment from the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Bret T. Gunn and Robert E. McGuire, Assistant District Attorneys General, for the appellant, State of Tennessee.

Ross E. Alderman, District Public Defender, and Jeffrey A. Devasher, Laura J. Getz, and Carol Dawn Deaner, Assistant Public Defenders, for the appellee, Shundell L. Dickerson.

### OPINION

This case involved the fatal shooting of Eric Johnson, the victim, in a parking lot outside a "Fashion Force" store in Davidson County where he had shopped with two companions, Stormy Woods and Rhonda Thompson, on October 19, 2003. Fearing that the shooter would return, the victim's companions drove away and left the victim lying on the pavement. They drove to the home of a friend and called the police to report the shooting.

At trial, the State presented three witnesses who testified that the defendant told them he killed the victim. Terrence Gregory testified that, while they were incarcerated together, the defendant admitted killing the victim. Katrina Frierson, the mother of the defendant's two children, testified that the defendant told her that he shot the victim. Tamara Elliott, the wife of an associate of the defendant, also testified that the defendant told her he "knocked off" the victim. Additionally, the State presented evidence that a spent shell casing found at the murder scene was fired from the same gun[1] as a spent shell casing found at the home of Ms. Frierson after the defendant shot her television during an argument.

On appeal, the defendant argues the trial court erred in: (1) excluding an anonymous letter sent to police; (2) denying him the opportunity to cross-examine a witness about his hope of favorable treatment by the State; and (3) denying his motion for a mistrial after improper remarks by the prosecution. He also contends that he was sentenced improperly.

Prior to trial, the defendant filed a motion to introduce an anonymous letter sent to police wherein the author directed police to several people living in a house on "16th Ave. N." The trial court determined the contents of the letter constituted inadmissible hearsay and found the letter inadmissible. The trial court did not prevent the defendant from questioning the police about the existence of the letter and, in fact, allowed the defendant to ask questions about the letter.

The defendant argues that the contents of the letter were not hearsay because they were not offered for the truth of the matters asserted therein and because the letter's contents were to be used to show that the detectives failed to adequately investigate the case rather than to prove that someone else committed the murder. The State points out that the defendant did not question the detective regarding his investigation into the allegations included in the letter and, therefore, is not entitled to relief now for his mistakes at trial.

The State cites Tennessee Rule of Appellate Procedure 36(a) to support the argument that the defendant had a duty to prevent or nullify the harmful effects of a trial court's error. Rule 36(a) does not require that relief be granted to a party when it fails to take action to prevent or nullify the harmful effects of an error. Assuming arguendo that the exclusion of the letter was error, the defendant failed to take steps to nullify the error when he did not ask pertinent questions regarding the investigation into the contents of the letter. The trial court stopped the admission of the letter into evidence but did not prevent the defendant from using the letter as a basis for questioning the police about their investigative efforts. The State argues, and we agree, that in failing to pursue that line of questioning, the defendant waived any issue regarding the admissibility of the letter and its contents.

Next, the defendant argues that the trial court denied him the opportunity to present a complete defense when the court declared the letter inadmissible. This contention is simply not accurate. The trial court allowed the defendant to use the letter as a tool to question the police about

[1]The gun was not introduced into evidence during the trial.

their investigation as noted above. Nothing precluded the defense from questioning police about having received information from an anonymous source which suggested they consider other persons in their investigation. It was not necessary that the contents of the letter be admitted for the defendant to ask questions about the police receiving a letter. Further, the defendant has failed to show how the trial court's ruling that the content of the letter was inadmissible prevented him from questioning the police regarding the pursuit of leads during their investigation.

Despite his assertion to the contrary, the defendant has not shown that the letter was critical to his defense. The letter showed no failure by the police but merely suggested other leads they might follow in their investigation.

The defendant also argues that the trial court erred in limiting questions to Terrence Gregory about his hope of favorable treatment in exchange for his testimony against the defendant. At trial, one witness, who reported that he was in jail at the time of the shooting, testified that the defendant admitted killing the victim. Defense counsel asked the witness what he had been promised in exchange for his testimony in the case, to which the witness replied that he had been promised nothing. The witness acknowledged that he wanted out of jail and was close to completing a six-year sentence. The defendant continued his line of questioning regarding "promises" in exchange for testimony, and a bench conference was held. During the conference, the trial court told the defense that if he continued to imply that the witness's testimony could set him free, the court would allow the State to show that the witness could not get out of jail. Counsel did not ask any further questions regarding the witness's expectations for favorable treatment. The State did ask the witness if he had hopes that the district attorney could help him "whenever this is all said and done," and the witness replied in the affirmative.

The defendant now complains that his line of questioning was unfairly precluded because the witness was granted a suspension of his sentence following the defendant's conviction due to the witness's participation in the trial.[2] Counsel was permitted to question the witness regarding the motivation for his testimony but was not allowed to lead the jury into believing the State could reduce his sentence. The State also questioned the witness about his motivation for testifying. The witnesses' motivations were adequately scrutinized for consideration by the jury. We conclude the defendant was not prejudiced when the court warned him about his line of questioning.

Next, the defendant contends that the State engaged in prosecutorial misconduct when the State's attorney commented on the defendant's post-arrest silence. The State's attorney argued that an innocent man would have contacted his family and friends to support an alibi defense. However, the testimony elicited at trial showed that the defendant's family was unaware that the defendant had been accused of the murder until several months later. The State's attorney said to the jury, "If you had family members and you knew you were at a birthday party, that's what you would have done was to head those folks right down – you'd be camped out in front of that police station everyday

---

[2] The record contains a copy of the transcript from the proceedings where the witness had his sentence suspended to probation following his testimony during the defendant's trial.

until somebody listened to you." The State argues that the language, which was objected to by the defendant, has been taken out of context. After the remarks by the State's attorney, the court advised the jury that it cannot consider the fact that the defendant did not testify for any reason. The State's attorney then clarified his comments by stating, "I'm not commenting on – trying not to comment on Mr. Dickerson testifying or not testifying, or whatever. I'm talking about the reasonable reaction of his family members."

Taken in context, we conclude that the prosecutor's remarks were not intended to comment on the defendant's assertion of his right to remain silent; rather, it was intended to point out that the defendant failed to bring forth witnesses on his behalf. In United States v. Montes, 116 Fed. Appx. 105, 107 (9th Cir. 2004), a prosecutor commented, as here, during closing argument about the defendant's failure to call a witness to counter testimony from the State. The court stated that the claim of prejudice fails "because the Fifth Amendment does not bar a prosecutor from commenting on a defendant's failure to call witnesses to speak on his behalf. See United States v. Cabrera, 201 F.3d 1243, 1250 (9th Cir. 2000)." We conclude that these comments by the prosecutor were not regarding the defendant's failure to testify or make a statement to police; therefore, the defendant is not entitled to any relief.

A written waiver appears in the record, and the trial court sentenced the defendant under the 2005 amendments to the Tennessee Criminal Sentencing Reform Act of 1989. Therefore, the weighing of the various mitigating and enhancement factors are left to the trial court's sound discretion as set forth in State v. Stacey Joe Carter, No. M2005-02784-SC-R11-CD, 2008 Tenn. LEXIS 363, at *27 (Tenn. May 19, 2008). Since the Sentencing Act has been revised to render these factors merely advisory, that discretion has been broadened. We are left with a narrower set of circumstances in which we can find that a trial court abused its discretion in setting the length of the defendant's sentence.

The defendant also contends that he was improperly sentenced to sixty years in prison. He was convicted of facilitation of first degree murder (Class A felony) and sentenced as a Range III, persistent offender to sixty years in prison. A Class A felony carries a sentence ranging from fifteen to sixty years. The sentencing range for a Range III, persistent offender convicted of a Class A felony is forty to sixty years.

The trial court found the following statutory enhancement factors from Tennessee Code Annotated section 40-35-114 to be applicable:
    (1)    The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;
    (8)    The defendant, before trial or sentencing, failed to comply with the conditions of a sentence involving release in the community;
    (9)    The defendant possessed or employed a firearm . . . during the commission of the offense;
    (13)(B) At the time the felony was committed, one (1) of the following classifications was applicable to the defendant: Released on parole; and

(16)  The defendant was adjudicated to have committed a delinquent act or acts as a juvenile that would constitute a felony if committed by an adult.

As set forth above, a trial court's weighing of the various mitigating and enhancement factors has been left to the trial court's sound discretion. The Tennessee Supreme Court in <u>State v. Stacey Joe Carter</u>, 2008 Tenn. LEXIS 363 at *27, stated that, even if a trial court recognizes and enunciates several applicable enhancement or mitigating factors, it does not abuse its discretion if it does not increase beyond the minimum sentence or reduce the sentence from the maximum sentence based on those factors.

An appellate court is therefore bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in Tennessee Code Annotated sections 40-35-102 and 40-35-103 of the Sentencing Act. The trial court considered all of the criteria set out in section 40-35-210(b), imposed a sentence within the applicable range, and set forth its reasons for imposing the sentence. The relevant findings are adequately supported by the record. We conclude the presumption of correctness attaches to the trial court's decision to sentence the defendant to sixty years for the homicide offense. Therefore, we affirm the defendant's sentence from the trial court.

Conclusion

Based on the foregoing and the record as a whole, we affirm the trial court's judgment.

_____
JOHN EVERETT WILLIAMS, JUDGE