# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### ANWAR PROBY v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 98-02267    John T. Fowlkes, Judge**

-------------------

**No. W2008-00700-CCA-R3-PC   -   Filed October 27, 2008**

-------------------

The petitioner, Anwar Proby, appeals the Shelby County Criminal Court's dismissal of his petition for post-conviction relief as time-barred. On appeal, the petitioner characterizes his petition as a motion to reopen and argues that it was timely filed because it was filed within one year of our supreme court's holding in *State v. Gomez*, 239 S.W.3d 733 (Tenn. 2007) ("*Gomez II*), which the petitioner claims announced a new rule of law that is entitled to retroactive application. The State has filed a motion requesting that this court affirm the post-conviction court's dismissal pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Review of the record indicates that the petition in this case was not a motion to reopen but, rather, the first petition for post-conviction relief filed in this case. Because the petitioner has failed to establish that the petition was timely filed or that a recognized exception to the rule applies, we grant the State's motion and affirm the judgment of the Shelby County Criminal Court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ. joined.

Anwar Proby, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General & Reporter, and Matthew Bryant Haskell, Assistant Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

While the underlying facts supporting the convictions in the petitioner's three cases are not evident from the record before us, it is established that the petitioner was convicted on July 11, 2001,

of three Class A felonies, one count of facilitation to commit first degree murder and two counts of especially aggravated kidnapping. He was subsequently sentenced to an effective fifteen-year sentence, to be served as a violent offender. Almost seven years later, on February 18, 2008, the petitioner filed a *pro se* "Petition for Post-Conviction Relief," in which he alleged that he was denied his right to the effective assistance of counsel, that he was convicted while incompetent, and that his sentence was not consistent with the Tennessee Supreme Court's decision in *Gomez II*.

According to the petition, the petitioner did not file a direct appeal, and the petition was the first post-conviction petition filed in the case. However, in his Memorandum of Law in Support of Motion for Post-Conviction, the petitioner referred to his petition as a "Motion to Reopen Post-Conviction Petition" and stated he was entitled to relief pursuant to Tennessee Code Annotated section 40-30-117(a)(1). The petitioner based this contention on his assertion that *Gomez II* announced a new rule of constitutional law not recognized at the time of his convictions. The post-conviction court dismissed the petition as untimely on February 22, 2008.

On appeal, the petitioner asserts that the post-conviction court erred in dismissing his petition as time-barred. Specifically, he contends that the petition was timely, as it was actually a "Petition to Reopen Post-Conviction" filed pursuant to Tennessee Code Annotated section 40-30-117(a)(1), which provided a statute of limitations of one year from the date the new constitutional rule of law was announced. *Gomez II*, which the petitioner relies upon, was filed October 9, 2007, and he filed the instant petition within one year from that date.

However, the petitioner's assertion that the instant petition be treated as a motion to reopen is misplaced. Tennessee Code Annotated section 40-30-117 provides that:

> (a) A petitioner may file a motion in the trial court to reopen the first post-conviction petition only if the following applies:
> > (1) The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retroactive application of that right is required. . . .

T.C.A. § 40-30-117(a)(1) (2006). Application of this statute, however, presupposes the filing of a prior timely petition for post-conviction relief. The record does not establish that a prior petition was ever filed in this case. The petitioner himself acknowledges that the instant petition was the first petition filed seeking post-conviction relief, and we find nothing in the record of the case or the records of this court which indicates that a prior petition was filed. Thus, the petition filed must be treated as a petition seeking post-conviction relief.

Pursuant to Tennessee Code Annotated section 40-30-102, a petition for post-conviction relief must be filed within one year of the final action of the highest state appellate court to which an appeal is taken, or, if no appeal is taken, within one year of the date on which the judgment became final or consideration of the petition is barred. T.C.A. § 40-30-102(a) (2006). A post-

conviction court does not have jurisdiction to consider a petition filed outside the one-year statute of limitations unless: (1) the claim is based on a final appellate court ruling establishing a constitutional right not recognized at the time of trial but given retroactive effect by the appellate court; (2) the claim is based upon new scientific evidence establishing that the petitioner is actually innocent; or (3) the claim is based upon sentences that were enhanced because of a previous conviction and the previous conviction was subsequently found to be illegal. *Id*. at (b)(1)-(3).

In this case, as no direct appeal was filed, the judgments of conviction became final thirty days after they were entered on July 11, 2001. Thus, the petitioner had until August 10, 2002, to file a petition for post-conviction relief, unless one of the recognized exceptions is established. As an aside, we note that, even if the petitioner were able to establish the existence of a recognized exception to the statute of limitations, only the issue giving rise to the exception, here the sentencing issue discussed in *Gomez II*, would have been reviewable. The remaining substantive issues raised by the petitioner, such as ineffective assistance of counsel, would have remained barred by the statute of limitations.

The only exception which is potentially applicable in this case is the new rule of constitutional law, which the petitioner does allege pursuant to section 40-30-117. However, contrary to the petitioner's contention, the rule in *Gomez II* is not a new rule but rather a clarification of the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000). *See Gomez v. State*, 163 S.W.3d 632, 648-51 (Tenn. 2005) ("*Gomez I*"). Because the constitutional right in question in this case was recognized at the time of the petitioner's convictions in 2001, he is not entitled to tolling under subsection (b)(1). Having concluded that the petition was not timely filed and that no recognized exception applies, the petition was properly dismissed as time-barred.

**CONCLUSION**

Based upon the foregoing, we affirm the decision of the Shelby County Criminal Court.

_____
JOHN EVERETT WILLIAMS, JUDGE

3