IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 3, 2009

## RICKIE REED v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-28123    John P. Colton, Jr., Judge**

---

**No. W2008-01584-CCA-R3-PC  - Filed March 25, 2009**

---

The *pro se* petitioner, Rickie Reed, appeals the dismissal of his motion to reopen his petition for post-conviction relief. Because he failed to comply with the statutory requirements for seeking discretionary review of the dismissal of his motion, this court has no jurisdiction in the case. Accordingly, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Rickie Reed, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; William L. Gibbons, District Attorney General; and Alexia M. Fulgham, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

In 2001, the petitioner was convicted of second degree murder and attempted second degree murder and sentenced to consecutive sentences of twenty-three and twelve years respectively. This court affirmed the convictions on direct appeal, and our supreme court denied application for permission to appeal. See State v. Rickie Reed, No. W2001-02076-CCA-R3-CD, 2002 WL 31443196, at *1 (Tenn. Crim. App. Oct. 31, 2002), perm. to appeal denied (Tenn. Mar. 17, 2003). The petitioner filed a petition for post-conviction relief on February 4, 2004, alleging ineffective assistance of counsel. The post-conviction court denied the petition, and this court affirmed the decision. See Rickie Reed v. State, No. W2004-01878-CCA-R3-PC, 2005 WL 1457954, at *1 (Tenn. Crim. App. June 17, 2005).

On January 29, 2008, the petitioner filed a *pro se* motion to reopen his post-conviction arguing that State v. Gomez, 239 S.W.3d 733 (Tenn. 2007), established a new rule of constitutional law that applied retroactively to his case. Specifically, he alleged that he was illegally sentenced by the trial court's use of factors other than his prior convictions to enhance his sentence. He also alleged that he received ineffective assistance of trial and appellate counsel, that his indictment was defective because it failed to put him on notice of the elements of the offenses, and that he was mentally incompetent from the time of his arrest through the time of the filing of his motion to reopen his post-conviction petition. On June 16, 2008, the post-conviction court entered a written order dismissing the motion to reopen on the basis that none of the petitioner's allegations satisfied the criteria for reopening a petition for post-conviction relief. On July 3, 2008, the petitioner filed a notice of appeal in the post-conviction court.

## ANALYSIS

The State argues that the appeal should be dismissed because the petitioner failed to comply with the requirements for appealing the dismissal of a motion to reopen. The State further argues that even if the petitioner had complied with the statutory requirements for seeking review of a lower court's dismissal of his motion to reopen, none of his claims would justify relief. We agree with the State.

A petitioner has no appeal as of right from a lower court's denial of his motion to reopen a post-conviction petition. See Tenn. R. App. P. 3(b); Timothy Roberson v. State, No. W2007-00230-CCA-R3-PC, 2007 WL 3286681, at *9 (Tenn. Crim. App. Nov. 7, 2007), perm. to appeal denied (Tenn. Apr. 14, 2008); Miko T. Burl v. State, No. W2005-01640-CCA-R3-PC, 2006 WL 3371395, at *1 (Tenn. Crim. App. Nov. 17, 2006). The statute governing motions to reopen post-conviction petitions provides that "[i]f the motion is denied, the petitioner shall have ten (10) days to file an application in the court of criminal appeals seeking permission to appeal. The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion." Tenn. Code Ann. § 40-30-117(c) (2006); see also Tenn. Sup. Ct. R. 28, § 10(B); Graham v. State, 90 S.W.3d 687, 689 (Tenn. 2002) ("Accordingly, Tenn. Code. Ann. § 40-30-217(c) outlines four requirements for an appeal from a motion to reopen to be considered: (1) the timeliness of filing, (2) the place of filing, (3) the application to be filed, and (4) the attachments to the application.").

The petitioner failed to file his application for permission to appeal within ten days of the date on which the post-conviction court's denial of the motion was filed, to file in the proper court, or to attach the relevant documents. Because he failed to substantially comply with the procedural requirements outlined in the statute, we lack jurisdiction to entertain the appeal. Moreover, even if he had complied with the procedural requirements, we would affirm the dismissal of the motion, as none of the issues raised satisfy the requirements under Tennessee Code Annotated section 40-30-117(a) for reopening a petition for post-conviction relief.

## CONCLUSION

Because the petitioner failed to comply with the statutory requirements for seeking discretionary review of the denial of his motion to reopen the post-conviction petition, we lack jurisdiction in this case. Accordingly, the appeal is dismissed.

ALAN E. GLENN, JUDGE