# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### June 7, 2007 Session

# STATE OF TENNESSEE V. EDWIN GOMEZ ET AL.

**On remand from the United States Supreme Court**
**Davidson County Criminal Court**
**No. 2001-A-280      Cheryl Blackburn,  Judge**

---

**No. M2002-01209-SC-R11-CD - Filed October 9, 2007**

---

This matter is before us upon remand by the United States Supreme Court for reconsideration in light of that Court's decision in Cunningham v. California, 549 U.S.__, 127 S. Ct. 856 (2007).  In our initial disposition of this matter, State v. Gomez, 163 S.W.3d 632 (Tenn. 2005),  we concluded that the Defendants were not entitled under Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny to relief as to their sentences.  Upon further review following Cunningham, we now conclude that the trial court's enhancement of the Defendants' sentences on the basis of judicially determined facts other than the Defendants' prior convictions violated the Defendants' constitutional rights under the Sixth Amendment to the United States Constitution.  In order to redress the unconstitutional enhancement of the Defendants' sentences, we vacate their sentences and remand this matter to the trial court for resentencing.

### Tenn. R. App. P. 11; Judgments of the Trial Court Affirmed in Part,
### Vacated and Remanded in Part

CORNELIA A. CLARK, J., delivered the opinion of the court, in which WILLIAM M. BARKER, C.J., and JANICE M. HOLDER and GARY R. WADE, JJ., joined.

Glenn R. Funk and Cynthia M. Fort, Nashville, Tennessee, for the appellant, Edwin Gomez.

David A. Collins, Nashville, Tennessee, and James Stafford, Houston, Texas, for the appellant, Jonathan S. Londono.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael E. Moore, Solicitor General; Gordon W. Smith, Associate Solicitor General; Victor S. Johnson III, District Attorney General; and Bret Gunn and Roger Moore, Assistant District Attorneys General, for the appellee, State of Tennessee.

David L. Raybin, Nashville, Tennessee, and Wade V. Davies, Knoxville, Tennessee, for the Amicus Curiae, Tennessee Association of Criminal Defense Lawyers.

# OPINION

## I. BACKGROUND

The Defendants' Sixth Amendment claims as to the length of their sentences in this case are before us for reconsideration. We begin with a brief review of the prior proceedings.

The Defendants, Edwin Gomez and Jonathan S. Londono, were charged jointly with conspiracy to commit aggravated robbery (Count One), first degree felony murder (Count Two), especially aggravated robbery (Count Three), and aggravated robbery (Count Four). A recitation of the facts leading to these charges is set forth in our previous opinion, State v. Gomez, 163 S.W.3d 632, 637-40 (Tenn. 2005) ("Gomez I"). The trial court submitted the crimes as charged to the jury, and the jury convicted the Defendants of conspiracy to commit aggravated robbery, a Class C felony, as charged in Count One. As to the remaining counts, the jury convicted the Defendants of lesser-included offenses: facilitation of felony murder, a Class A felony (Count Two), facilitation of especially aggravated robbery, a Class B felony (Count Three), and facilitation of aggravated robbery, a Class C felony (Count Four). After a sentencing hearing, the trial court sentenced the Defendants as Range I standard offenders to the maximum term available for each conviction: six years for the conspiracy offense; twenty-five years for facilitation of felony murder; twelve years for facilitation of especially aggravated robbery; and six years for facilitation of aggravated robbery. The trial court enhanced all of the Defendants' sentences on the basis of two enhancement factors: "a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range," and upon finding that each Defendant "was a leader in the commission of an offense involving two (2) or more criminal actors." Tenn. Code Ann. § 40-35-114(1), (2) (Supp. 2001).[1] The trial court further enhanced each Defendant's sentence for the facilitation of felony murder offense upon finding that each Defendant "possessed or employed a firearm, explosive device or other deadly weapon during the commission of the offense." Id. at (9). The trial court found that no mitigating factors applied. The trial court ordered the sentences to be served consecutively for a total effective term of forty-nine years as to each Defendant.

On direct appeal, the Court of Criminal Appeals affirmed the Defendants' convictions and sentences although the intermediate appellate court determined that the trial court should not have applied to the facilitation of felony murder offense the enhancement factor for use of a firearm. On direct appeal to this Court, the Defendants raised, for the first time, a Sixth Amendment challenge to the length of their sentences,[2] relying upon the United States Supreme Court's decision in Blakely

---

[1]We cite to the version of the Code in effect at the time of the Defendants' sentencing hearing.

[2]In this Court, the Defendants did not challenge the trial court's imposition of consecutive service. See Gomez I, 163 S.W.3d at 648 n.11.

v. Washington, 542 U.S. 296 (2004).[3] Finding that the Defendants had failed timely to preserve this issue for plenary appellate review, this Court ruled that the Defendants were "limited to seeking relief [on their Sixth Amendment sentencing claim] via plain error review." Gomez I, 163 S.W.3d at 651. Concluding that the Defendants had not established plain error[4] in their sentencing, this Court denied relief and affirmed the Court of Criminal Appeals. Id. at 662.

The Defendants sought certiorari from the United States Supreme Court regarding this Court's holding on their Blakely issue. In due course, that Court vacated our decision in Gomez I and remanded this matter for further consideration in light of its recent opinion in Cunningham v. California, 549 U.S. ___, 127 S. Ct. 856 (2007).[5] See Gomez v. Tennessee, __ U.S. __, 127 S. Ct. 1209 (2007). We now undertake that further consideration.[6]

## II. ANALYSIS

### A. Plain Error Review

As indicated above, this Court determined in its initial review of this matter that the Defendants were limited to plain error review on their sentencing claims. Defendant Gomez and amicus curiae argue that plain error review is unnecessary and that we should grant plenary appellate review of the Defendants' Sixth Amendment claims. Because we have determined that the Defendants are entitled to relief for plain error, we decline to readdress whether the Defendants properly preserved their Sixth Amendment claim for plenary review. Accordingly, consistent with our initial holding in Gomez I, we will apply plain error review to our reconsideration of the Defendants' sentencing claims.

---

[3]The Defendants also continued to challenge their convictions on the basis that the admission of certain testimony violated their Sixth Amendment right to confrontation. As did the Court of Criminal Appeals, this Court concluded that neither Defendant was entitled to relief on that basis and affirmed the Defendants' convictions. See Gomez I, 163 S.W.3d at 636.

[4]See Tenn. R. Crim. P. 52(b) ("When necessary to do substantial justice, an appellate court may consider an error that has affected the substantial rights of an accused at any time, even though the error was not raised in the motion for a new trial or assigned as error on appeal.").

[5]Although the Supreme Court vacated this Court's decision in Gomez I, the Defendants continue to challenge only the enhancement of their sentences. Accordingly, we reinstate without further discussion the Defendants' judgments of conviction for the reasons set forth in Gomez I.

[6]Subsequent to this Court's Order Denying Petition for Rehearing filed May 18, 2005, this Court's mandate in Gomez I issued on June 30, 2005. On April 10, 2007, this Court recalled its mandate in order to comply with the mandate from the United States Supreme Court in granting certiorari to the Defendants on February 20, 2007.

## B. Plain Error Criteria

Under plain error review, this Court will grant relief only where five prerequisites are met: (1) the record clearly establishes what occurred in the trial court; (2) a clear and unequivocal rule of law was breached; (3) a substantial right of the accused was adversely affected; (4) the accused did not waive the issue for tactical reasons; and (5) consideration of the error is "necessary to do substantial justice." State v. Smith, 24 S.W.3d 274, 282 (Tenn. 2000) (quoting State v. Adkisson, 899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994)). "It is the accused's burden to persuade an appellate court that the trial court committed plain error." State v. Bledsoe, 226 S.W.3d 349, 355 (Tenn. 2007) (citing United States v. Olano, 507 U.S. 725, 734 (1993)).

## 1. Adequate Record

As to the first prerequisite, we acknowledged in our previous decision that the record clearly establishes what occurred in the trial court. Gomez I, 163 S.W.3d at 652. In short, the record reflects the offenses of which the Defendants were convicted and the transcript of the sentencing hearing reflects the meticulous process used by the trial court in crafting individualized sentences for each Defendant pursuant to the applicable statutory provisions.

## 2. Breach of Clear and Unequivocal Rule of Law

We next considered in Gomez I whether the trial court breached a clear and unequivocal rule of law by applying enhancement factors based on facts not found by a jury to increase the length of the Defendants' sentences to the maximum allowable in the applicable range. We determined that it did not. Id. at 661-62. We now revisit that analysis.

### a. *Apprendi and its Progeny*

We begin with a brief review of the line of cases beginning with Apprendi v. New Jersey, 530 U.S. 466 (2000), and culminating in Cunningham. In Apprendi, the United States Supreme Court considered a state sentence that had been increased beyond the statutory maximum upon the trial judge's determination that the defendant had committed the crime "'with a purpose to intimidate an individual or group of individuals because of race, color, gender, handicap, religion, sexual orientation or ethnicity.'" 530 U.S. at 469 (quoting N.J. Stat. Ann. § 2C:44-3(e) (West Supp. 1999-2000)). The Supreme Court held that the Sixth Amendment prohibited the enhanced sentence, id. at 497, and stated, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490.

In Blakely v. Washington, the defendant was convicted of a felony under Washington law for which he was subject to a sentence of forty-nine to fifty-three months unless the trial judge found "'substantial and compelling reasons justifying an exceptional sentence.'" 542 U.S. 296, 299 (2004) (quoting Wash. Rev. Code Ann. § 9.94A.120(2) (West 2000)). Finding that the defendant had

4

committed the offense with deliberate cruelty, the trial court increased the defendant's sentence to ninety months. Applying the rule of Apprendi, the Supreme Court held the defendant's sentence unconstitutional. Id. at 305. The Court emphasized that

> the "statutory maximum" for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.* In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," and the judge exceeds his proper authority.

Blakely, 542 U.S. at 303-04 (citations omitted).

The Supreme Court addressed this issue in the context of the Federal Sentencing Guidelines in United States v. Booker, 543 U.S. 220 (2005). Booker was convicted by a jury of possession with intent to distribute crack cocaine. The corresponding "base" sentence pursuant to the Guidelines was 210 to 262 months. The trial court increased Booker's sentence to 360 months after determining that the preponderance of the evidence established that Booker had possessed a quantity of drugs greater than that determined by the jury's verdict. Finding that there was "no relevant distinction between the sentence imposed pursuant to the Washington statutes in Blakely and the sentence[] imposed pursuant to the Federal Sentencing Guidelines," id. at 235, the Supreme Court ruled Booker's sentence violative of the Sixth Amendment. Id. at 244.

In Cunningham, the Supreme Court considered California's determinate sentencing law. Cunningham had been convicted of continuous sexual abuse of a child under the age of fourteen. Under California's statutory sentencing scheme, Cunningham was subject to imprisonment "for a lower term sentence of 6 years, a middle term sentence of 12 years, or an upper term sentence of 16 years." 549 U.S. at __, 127 S. Ct. at 860. The trial court was required to sentence Cunningham to the middle term, however, unless it found one or more aggravating facts. At a sentencing hearing, the trial judge found by a preponderance of the evidence six aggravating circumstances and one mitigating circumstance. Concluding that the aggravating circumstances outweighed the mitigating circumstance, the judge sentenced Cunningham to the upper term sentence of sixteen years.

In finding that California's sentencing scheme violated the Sixth Amendment, id., the Supreme Court emphasized that the crucial inquiry under Apprendi is the maximum sentence allowed under the relevant statutory scheme based *solely* on those facts reflected by the jury's verdict (or admitted by the defendant). Id. at 860. In examining California's sentencing scheme, the Court first determined that the "key California Penal Code provision states that the sentencing court '*shall order* imposition of the middle term' absent 'circumstances in aggravation or mitigation of the crime.'" Id. at 866 n.10 (quoting Cal. Penal Code Ann. § 1170(b)) (emphasis in Cunningham). The Court next recognized that, "[u]nder California's [determinate sentencing law], an upper term

sentence may be imposed only when the trial judge finds an aggravating circumstance." Id. at 868. For Sixth Amendment purposes, then, "the middle term prescribed in California's statutes, not the upper term, is the relevant statutory maximum." Id. Because the trial court sentenced Cunningham to the upper term sentence based on judicially determined facts not otherwise reflected by the jury's verdict or admitted by the defendant, the Court held that the sentence violated Cunningham's Sixth Amendment rights. Id. at 871.

### b. Tennessee's Sentencing Scheme

This appeal is governed by Tennessee's Criminal Sentencing Reform Act of 1989 ("the Reform Act") which, prior to its amendment in 2005, established a "presumptive sentence" for each class of felonies other than capital murder. Absent enhancing or mitigating factors, the presumptive sentence for Class B, C, D, and E felonies was the minimum in the applicable range.[7] Tenn. Code Ann. § 40-35-210(c) (Supp. 2001). For Class A felonies, the presumptive sentence absent enhancing or mitigating factors was the midpoint in the applicable range. Id. A sentencing court could not increase a defendant's sentence above the presumptive sentence except upon the application of statutory enhancement factors. See id.; see also State v. Jones, 883 S.W.2d 597, 601 (Tenn. 1994) ("The sentence imposed [for most felonies] cannot exceed the minimum sentence in the range unless the State proves enhancement factors."). A sentencing court determined the existence of enhancement factors by a preponderance of the evidence. See State v. Carico, 968 S.W.2d 280, 287 (Tenn. 1998). Once the trial court found enhancement factors, it had the authority to "set the sentence above the minimum in [the sentencing] range but still within the range." Tenn. Code Ann. § 40-35-210(d) (Supp. 2001). The weight afforded enhancement factors was left to the trial court's discretion. See Tenn. Code Ann. § 40-35-210, Sentencing Comm'n Cmts. (1997); see also State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). In sum, a maximum sentence could not be imposed absent a judicial finding of enhancement factors.

In our previous analysis of the Reform Act, which was conducted in light of Booker but without the benefit of Cunningham, we determined that "the relevant inquiry is whether the Reform Act *mandates* imposition of a sentence increased above the presumptive sentence when a judge finds an enhancement factor." Gomez I, 163 S.W.3d at 661 (emphasis changed). We interpreted Booker to hold that "the mandatory increase of a sentence is the crucial issue which courts must consider in determining whether a particular sentencing scheme violates the Sixth Amendment." Id. Because the Reform Act did not *require* a trial court to increase a sentence upon finding one or more enhancement factors, we held that the Reform Act did not offend the Sixth Amendment under Apprendi. Id.

We are instructed by Cunningham, however, that "[i]f the jury's verdict alone does not authorize the sentence, if, instead, the judge must find an additional fact to impose the longer term, the Sixth Amendment requirement is not satisfied." 127 S. Ct. at 869. Applying Cunningham, we

---

[7]The sentencing range is determined based upon the defendant's history of criminal convictions. See Tenn. Code Ann. §§ 40-35-105 through -109 (1997, 2006).

conclude that the Reform Act failed to satisfy the Sixth Amendment insofar as it allowed a presumptive sentence to be enhanced based on judicially determined facts.[8] That is, to the extent the Reform Act permitted enhancement based on judicially determined facts other than the fact of a prior conviction, it violated the Sixth Amendment as interpreted by the Supreme Court in Apprendi, Blakely, and Cunningham.

In this case, the trial court increased all of the Defendants' sentences beyond the presumptive sentences on the basis of two enhancement factors: their "previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range," and upon its determination that each "was a leader in the commission of an offense involving two (2) or more criminal actors." Tenn. Code Ann. § 40-35-114(1), (2) (Supp. 2001). As to the Defendants' convictions for facilitation of felony murder, the trial court also applied as an enhancement factor that each "possessed or employed a firearm, explosive device or other deadly weapon during the commission of the offense." Id. at (9). On appeal, the Court of Criminal Appeals determined that the trial court had properly applied factors (1) and (2) but that application of factor (9) was not supported by the evidence. Nevertheless, the intermediate appellate court affirmed the Defendants' maximum sentences.

The trial court's application of the enhancement factor for a previous history of criminal convictions does not offend the Sixth Amendment. See Apprendi, 530 U.S. at 490. Having reconsidered the Reform Act in light of Cunningham, we now conclude that the trial court's application of the two other enhancement factors breached a clear and unequivocal rule of law.[9] The second prerequisite for plain error review is therefore satisfied.

### 3. Adverse Effect

We turn now to the third criterion for plain error review: whether a substantial right of the accused has been adversely affected. The State concedes that this prerequisite has been satisfied, and we agree with that concession. According to the Supreme Court, the trial court's determination that enhancement factors (2) and (9) were applicable to increase the Defendants' sentences deprived the Defendants of their Sixth Amendment right to have a jury determine whether those enhancement factors applied. See Cunningham, 127 S. Ct. at 860 (holding that the trial court's imposition of a harsher sentence on the basis of judicial factfinding "denied petitioner his right to a jury trial").

---

[8]In 2005, the General Assembly amended the Reform Act to comply with the Sixth Amendment as interpreted by Apprendi and its progeny. See 2005 Tenn. Public Acts ch. 353, § 6 (codified at Tenn. Code Ann. § 40-35-210 (2006)). Imposition of a "presumptive sentence" in the absence of enhancing and mitigating factors is no longer mandatory. See Tenn. Code Ann. § 40-35-210(c) (2006).

[9]We are compelled to draw this conclusion in light of the Supreme Court's order of remand. We are constrained to point out, however, the numerous cases the Supreme Court has decided in an effort to clarify what Justice Ginsburg describes in Cunningham as Apprendi's "bright-line rule," 127 S. Ct. at 868, each of which has resulted in multiple opinions. See, e.g., Ring v. Arizona, 536 U.S. 584 (2002); Blakely, 542 U.S. 296; Booker, 543 U.S. 220; Cunningham, 127 S. Ct. 856.

7

## 4.  Waiver of Issue for Tactical Reasons

The fourth consideration for plain error review is whether the record indicates that the Defendants waived their Sixth Amendment claims for tactical reasons.  Neither the pleadings filed by the Defendants with the trial court nor the transcript of the sentencing hearing provides any indication as to why the Defendants initially failed to raise a Sixth Amendment challenge to the trial court's use of enhancement factors (2) and (9).  In their pre-Gomez I briefs before this Court, however, both Defendants argued that their Sixth Amendment claims for relief from their sentences did not arise until Blakely was decided, more than two years after their sentencing hearing.

It is true that this Court has refused to find plain error where the record discloses that the alleged "error" resulted from a tactical choice by the defense.  For instance, in Smith, the Court of Criminal Appeals determined sua sponte that the defendant was entitled to relief for plain error because the trial court did not provide the jury with a particular instruction regarding an evidentiary matter.  24 S.W.3d at 282.  However, this Court subsequently determined that the defendant had not objected to admission of the evidence and that the record was "clear" that the defense's "decision not to object . . . was a result of a deliberate, tactical trial strategy."  Id. at 283.  Indeed, during oral argument before this Court, defense counsel conceded "that the decision not to object . . . was a 'tactical decision.'"  Id.  Accordingly, this Court determined that the defendant was not entitled to relief under the plain error doctrine.  Id. at 284; cf. Bledsoe, 226 S.W.3d at 355 (holding that the Court of Criminal Appeals erred in granting relief for plain error where the defendant failed to include in his appeal "key parts of the record" resulting in uncertainty as to whether the defendant's failure to request a particular jury instruction was a tactical decision); Studdard v. State, 182 S.W.3d 283, 288 (Tenn. 2005) (holding that all of the criteria for plain error were not met because "[t]he record strongly suggests the defendant pleaded guilty to . . . a lower grade offense [than that charged] for tactical reasons").

In contrast, the record in this case is silent and does not establish that the Defendants made a tactical decision to waive their Sixth Amendment claims.  Rather, it appears that defense counsel, like many others in the legal community, did not realize until Blakely was decided that the Defendants had a potential claim for relief under Apprendi.[10]  Accordingly, we conclude that the fourth prerequisite for plain error has been met.

## 5.  Substantial Justice

We turn now to the final prerequisite:  whether consideration of the trial court's error in sentencing the Defendants is "necessary to do substantial justice."  We hold that it is.

---

[10]Indeed, as pointed out by the dissent filed in Gomez I, prior to Blakely this Court held in Graham v. State, 90 S.W.3d 687, 691-92 (Tenn. 2002), that, so long as a trial court sentenced a defendant within the applicable range, the trial court's reliance on judicially determined enhancement factors did not offend the Sixth Amendment under Apprendi. See Gomez I, 163 S.W.3d at 669 (Anderson, J., dissenting).

As set forth above, one of the enhancement factors relied upon by the trial court in sentencing each Defendant was each Defendant's "previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range." Tenn. Code Ann. § 40-35-114(1) (Supp. 2001). Under Apprendi, a trial court may properly consider without jury findings a defendant's prior convictions, as well as prior criminal behavior admitted to by a defendant, when imposing sentence. See Apprendi, 530 U.S. at 488-90.

The proof at the sentencing hearing established that Defendant Londono had previous convictions for manslaughter and theft from interstate commerce. Defendant Londono also admitted to prior illegal drug use. The proof at the sentencing hearing was less clear as to Defendant Gomez' criminal history. The prosecutor contended that Defendant Gomez had previous convictions of robbery and theft from interstate commerce. As to the robbery conviction, the prosecutor stated that he had contacted the New York authorities and gotten the case number but had not obtained a certified copy of the conviction. Defendant Gomez conceded his conviction for theft from interstate commerce but refused to acknowledge that he had been convicted of robbery in New York. Yet, the presentence report reflects in the "Financial Information" section that Defendant Gomez is indebted in the amount of $500,000 for "Federal Restitution (Robbery)." Following this information is the comment, "The restitution is owed to the federal government for a robbery conviction in another case." Defendant Gomez did not object to this information in the presentence report which was made an exhibit to his sentencing hearing. This commentary in the presentence report, unobjected to by Defendant Gomez, supports the prosecutor's assertion that Defendant Gomez has a previous robbery conviction. Nevertheless, the trial court relied upon only the theft from interstate commerce conviction in applying enhancement factor (1) to Defendant Gomez.

The trial court accorded "great weight" to the Defendants' prior criminal histories. However, the trial court also relied upon each Defendant's being "a leader in the commission of an offense involving two (2) or more criminal actors," Tenn. Code Ann. § 40-35-114(2) (Supp. 2001), while imposing sentence for all of the Defendants' convictions, and upon each Defendant having "possessed or employed a firearm, explosive device or other deadly weapon during the commission of the offense," id. at (9), while imposing sentence for the facilitation of felony murder offense. The trial court's application of these two enhancement factors depended on the type of judicial fact-finding prohibited by Apprendi.

That the trial court gave "great weight" to the Defendants' prior criminal histories does not necessarily render irrelevant its application of enhancement factors (2) and (9). And while the Reform Act allows this Court on appeal of a sentence to "[a]ffirm, reduce, vacate or set aside the sentence imposed," Tenn. Code Ann. § 40-35-401(c)(2) (2006), the record in this case as to the Defendants' criminal histories is not sufficiently well-developed for us to determine the proper sentences based on this enhancement factor alone. Therefore, because the trial court's reliance upon enhancement factors (2) and (9) was constitutionally inappropriate, we conclude that granting the Defendants relief is necessary to do substantial justice in this case. We therefore vacate the Defendants' sentences and remand to the trial court for a resentencing hearing at which the trial court will have an opportunity both to determine the full scope of the Defendants' criminal histories and

to consider whether imposition of the maximum sentence on all convictions is appropriate. Our holding does not, however, affect the trial court's determinations regarding manner of service or the imposition of consecutive sentences.

## CONCLUSION

The trial court erred in applying enhancement factors for being a leader in the commission of the offenses and in possessing or employing a firearm to any of the Defendants' sentences. Because the trial court's error adversely affected the Defendants' unwaived rights to a jury trial, and because the record on appeal does not allow us to determine the proper sentences to be imposed, substantial justice requires that we vacate the Defendants' sentences and remand this matter to the trial court for resentencing in a manner consistent with this opinion. In all other respects, the trial court's judgments are affirmed.

It appearing that the Defendants are indigent, the costs of this cause are taxed to the State of Tennessee.

_____
CORNELIA A. CLARK, JUSTICE