IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

# TONY MARTIN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 00-02771   Carolyn Wade Blackett, Judge**

---

**No. W2008-01361-CCA-R3-PC  - Filed May 21, 2009**

---

The petitioner, Tony Martin, appeals the dismissal of his motion to reopen his petition for post-conviction relief.  The petitioner claims on appeal that *State v. Gomez*, 239 S.W.3d 733 (Tenn. 2007) (*Gomez II*) established a previously unrecognized constitutional right to have a jury, rather than the trial judge, determine the existence of facts necessary to enhance his sentence.  The state has filed a motion requesting that this court affirm the Shelby County Criminal Court's dismissal of the motion to reopen pursuant to Rule 20, Rules of the Court of Criminal Appeals.  We grant the state's motion and affirm the judgment of the criminal court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Tony Martin, Pro Se, Whiteville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; and Elizabeth B. Marney , Assistant Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

In 2001, the petitioner was convicted of second degree murder and sentenced to twenty years imprisonment as a Range I offender.  The petitioner's conviction and sentence were affirmed on direct appeal.  *State v. Tony Martin*, No. W2001-02221-CCA-R3-CD, 2003 WL 261937 (Tenn. Crim. App., at Jackson, Feb. 7, 2003), *perm. app. denied* (Tenn. June 30, 2003).  While the record does not indicate the disposition of the original petition, the record shows that the petitioner filed a pro se petition for post-conviction relief on June 22, 2004.  A couple years later, on January 14, 2008,  the petitioner filed a pro se motion to reopen his petition wherein he claimed that he was entitled to relief pursuant to Tennessee Code Annotated section 40-30-117(a)(1).  The petitioner based this claim on his assertion that *Gomez II*, applying *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004) to Tennessee's sentencing scheme, established a new rule of constitutional law not recognized at the time of his conviction and sentence.  On May 23, 2008, the post-conviction court entered an order denying the motion to reopen on the basis that the motion failed to meet any of the criteria set forth in Tennessee Code Annotated section 40-30-117(a)(1).  The petitioner filed a notice of appeal on June 9, 2008.

Upon consideration, we agree with the post-conviction court and conclude that the petitioner's motion to reopen fails to assert a claim upon which relief may be granted. Pursuant to Tennessee Code Annotated section 40-30-117, a motion to reopen a prior post-conviction petition may only be filed if the petitioner demonstrates that: (1) a final ruling of an appellate court established a constitutional right that was not recognized as existing at the time of trial and retrospective application of the right is required; or (2) new scientific evidence exists establishing that the petitioner is actually innocent of the convicted offenses; or (3) the petitioner's sentence was enhanced based upon a prior conviction which has subsequently been found invalid. Contrary to the petitioner's claim, *Gomez II* does not establish a new rule but merely clarifies the rule as originally announced in *Apprendi v. New Jersey*. Therefore, *Gomez II* cannot be considered a final ruling of an appellate court establishing a constitutional right not previously recognized at the time of trial in the petitioner's case. Moreover, this court has repeatedly held the *Apprendi/Blakely* decisions did not create a new constitutional rule requiring retroactive application for cases on collateral review. *See, e.g., Billy Merle Meeks v. State*, No. M2005-00626-CCA-R3-HC, 2007 WL 4116486 (Tenn. Crim. App., at Nashville, Nov. 13, 2007), *perm. app. denied* (Tenn. April 7, 2008); *Ulysses Richardson v. State*, No. W2006-01856-CCA-R3-PC, 2007 WL 1515162 (Tenn. Crim. App. May 24, 2007), *perm. app. denied* (Tenn. Sept. 17, 2007) ("*Apprendi/Blakely* type issues regarding allocating fact-finding authority to judges during sentencing are not in the narrow class of procedural rules that apply retroactively."). As such, the petitioner's motion to reopen fails.

For these reasons, we affirm the order of the Shelby County Criminal Court in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
J.C. McLIN, JUDGE