# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Remanded by Supreme Court on October 15, 2007

## STATE OF TENNESSEE v. LORNE JAMES CLABOUGH

**Direct Appeal from the Criminal Court for Bradley County**
**Nos. M-04-180 -M-04-183      R. Steven Bebb, Judge**

---

**No. E2007-02326-CCA-RM-CD - Filed June 19, 2008**

---

The defendant, Lorne James Clabough, was convicted of especially aggravated kidnapping (Class A felony), aggravated assault (Class C felony), two counts of aggravated assault by recklessness (Class D felony), and evading arrest (Class E felony).  The trial court imposed an effective sentence of twenty years.  In our initial review, the convictions and sentences were affirmed.  See State v. Lorne James Clabough, No. E2005-02133-CCA-R3-CD, 2007 Tenn. Crim. App. LEXIS 14 (Tenn. Crim. App. Jan. 8, 2007, at Knoxville), perm. to appeal granted, case remanded (Tenn. Oct. 15, 2007).  Our supreme court remanded to this court for reconsideration in light of State v. Gomez II, 239 S.W.3d 733 (Tenn. 2007).   Upon review, we remand to the trial court for resentencing of the defendant for his Class A felony and both Class D felony convictions, and we affirm the remainder of the sentence.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed in Part; Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN, J., joined.  GARY R. WADE, J., not participating.

James F. Logan, Jr., Cleveland, Tennessee, for the appellant, Lorne James Clabough.

Robert E. Cooper, Jr., Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Jerry N. Estes, District Attorney General; and Kristie L. Luffman and Shari T. Young, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

Pursuant to the remand directive of October 9, 2007, this court limits its review to the sentencing issues raised by the defendant in light of  State v. Gomez II, 239 S.W.3d 733 (Tenn. 2007), filed after this court's original opinion.  All remaining portions of the original opinion are unaffected.

The defendant raised the sentencing issue by alleging that the trial court improperly considered aggravating factors which were not contained in the jury's verdict and also contained elements of the crime. The trial court found the following enhancement factors:

> [T]he offense involved more than one victim other than those named in the indictment, the defendant possessed or employed a firearm during the commission of the offense, no hesitation about committing a crime when the risk to human life was high, but mostly the crime was committed under circumstances under which the potential for bodily [injury] was great.

These enhancement factors are codified in Tennessee Code Annotated sections 40-35-114(4), (10), (11), and (17). One mitigating factor was found applicable, the defendant was suffering from a mental or physical condition that significantly reduced the defendant's culpability. Tenn. Code. Ann. § 40-35-113(8). After finding that the enhancement and mitigating factors "cancel each other out," the following sentence was imposed upon the defendant as a Range I, standard offender: especially aggravated kidnapping (Class A felony), twenty years; aggravated assault (Class C felony), three years; two counts of aggravated assault by recklessness (Class D felonies), three years on each conviction; and evading arrest (Class E felony), one year. All the sentences were ordered to be served concurrently.

> In our original decision, we stated, and now reaffirm, the following:

> The enumerated enhancement factors contained in Tennessee Code Annotated section 40-35-114 are permitted when "appropriate for the offense" and "not themselves elements of the offense." State v. Poole, 95 S.W.2d 93, 95 (Tenn. 1997). We agree that factor ten was an element of the offense and impermissible as an enhancement factor. Factor seventeen is part of the general nature of especially aggravated kidnapping and thus, was improperly applied. "Enhancement factors are not intended to allow sentence adjustments based on the general nature of the offense." State v. Kissinger, 922 S.W. 482, 488 (Tenn. 1996).

State v. Lorne James Clabough, 2007 Tenn. Crim. App. LEXIS 14, at *14.

> Although unmentioned by the parties, there is an additional mitigating factor which was applicable. Tennessee Code Annotated section 39-13-305(b)(2) provides as follows:

> > If the offender voluntarily released the victim alive or voluntarily provides information leading to the victim's safe release, such actions shall be considered by the court as a mitigating factor at the time of sentencing.

Clabough, 2007 Tenn. Crim. App. LEXIS 14, at *15.

However, <u>Gomez II</u> provides that a Sixth Amendment violation occurs if the sentencing judge must find an additional fact to those not contained in the jury's verdict, other than a prior conviction.  <u>Gomez II</u>, 239 S.W.3d at 740 (citing <u>Cunningham v. California</u>, 549 U.S. 270, 127 S. Ct. 856 (2007)).  Here, the trial court concluded that the applicable enhancement factors and mitigating factors "cancel each other out." However, because the aggravating factors were improperly applied following the holding in <u>Gomez II</u>, we remand the defendant's three convictions for Class A and Class D felonies for resentencing.

The offense of especially aggravated kidnapping is a Class A felony carrying a sentencing range of fifteen to twenty-five years for a Range I, standard offender.  The defendant was sentenced to twenty years for his Class A felony conviction.  The defendant elected to be sentenced under the 2005 provisions of the Criminal Sentencing Reform Act which directed that:

> The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications.

Tenn. Code. Ann. § 40-35-210 (2005).

The trial court imposed a sentence that was improper under the amendment.  The offense of aggravated assault by recklessness is a Class D felony.  The sentencing range for a Class D felony for a standard offender is between two and four years.  Therefore, the imposed three-year sentence is improper.

We decline to modify the sentences for the defendant's other convictions because they were properly imposed under the law.  Therefore, we remand the defendant's Class A felony conviction and Class D felony convictions for resentencing.

## Conclusion

Based on the foregoing and the record as a whole, we remand for reconsideration, in compliance with this opinion, the defendant's sentences for the Class A felony conviction and the Class D felony convictions, and we affirm the remainder of his sentences.

_____
JOHN EVERETT WILLIAMS, JUDGE