IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
April 27, 2010 Session

## STATE OF TENNESSEE v. DENNIS B. REECE

**Direct Appeal from the Criminal Court for Morgan County**
**No. 8952      E. Eugene Eblen, Judge**

---

**No. E2009-01922-CCA-R3-PC - Filed August 30, 2010**

---

The petitioner, Dennis B. Reece, pled guilty to second degree murder in October 2005. In September 2008, he filed a petition for post-conviction relief in the convicting court. The post-conviction court dismissed the petition as untimely. On appeal, the petitioner argues that the Tennessee Supreme Court's opinion in *State v. Gomez*, 239 S.W.3d 733 (Tenn. 2007) ("*Gomez II*"), created a new constitutional rule entitled to retrospective application and that this court should deem the one-year statute of limitations period to extend from the publication of *Gomez II*. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J. and JAMES CURWOOD WITT, JR., J., joined.

Robert L. Vogel, Knoxville, Tennessee, for the appellant, Dennis B. Reece.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Russell Johnson, District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Background

According to his petition, the petitioner, Dennis B. Reece, pled guilty to second degree murder on October 27, 2005, and received a sentence of twenty years in the custody of the Tennessee Department of Correction. While the record does not include the petitioner's judgment sheet or any documentation of his guilty plea proceedings, the petitioner's brief

indicates that he agreed to serve the twenty-year sentence at 100%. The petitioner did not appeal from his conviction or sentence.

On September 4, 2008, the petitioner, *pro se*, filed a petition for post-conviction relief, alleging, *inter alia*, that he entered his guilty plea unknowingly and that he received ineffective assistance of counsel. The post-conviction court appointed counsel on September 22, 2008. The state responded that the petition was untimely. The post-conviction court heard the matter on August 21, 2009. On September 9, 2009, the court entered an order dismissing the petition as barred by the statute of limitations. The petitioner timely filed a notice of appeal.

**Analysis**

On appeal, the petitioner argues that *Gomez II* "created a cause of action that should be viewed as retroactive and should allow the appellant an opportunity to seek relief." As this court has repeatedly held that *Gomez II* did not announce a new rule of constitutional law entitled to retrospective application on collateral review, we conclude that the petitioner's argument is without merit.

The petitioner's post-conviction petition is clearly barred by the statute of limitations. The Post-Conviction Procedure Act states that a petitioner must seek post-conviction relief "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final." *Id.* §40-30-102(a) (1996). The petitioner filed the instant petition almost three years after his judgment became final. The Post-Conviction Procedure Act enumerates few exceptions to the statute of limitations. *See id.* §40-30-102(b). In order to qualify, the claim in the petition (1) must be based upon a new rule of constitutional law requiring retrospective application, (2) must be based upon new scientific evidence establishing actual innocence, or (3) must assert relief from sentences which were enhanced because of a previous conviction that has subsequently been found to be illegal. *Id.* In his petition, the petitioner asserted that his claim was not time-barred because his ground for relief under the Sixth Amendment did not arise until the decision in *State v. Gomez*, 239 S.W.3d 733 (Tenn. 2007) ("*Gomez II*").

We reject the petitioner's argument with regard to his untimely filing. Our courts have repeatedly held that *Gomez II* did not establish a new rule of constitutional law which was entitled to retroactive application on collateral review as it was only a clarification of the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See, e.g., Christopher N. Orlando v. State*, No. M2008-01621-CCA-R3-PC, 2010 WL 10967, at *3 (Tenn. Crim. App., at Nashville, Jan. 4, 2010); *Bobby Taylor v. State*, No. M2008-00335-CCA-R3-PC, 2009 WL

2047331, at *2 (Tenn. Crim. App., at Nashville, July 14, 2009), *perm. app. denied* (Tenn. Oct. 19, 2009); *Ortega Wiltz v. State*, No. M2006-02740-CCA-R3-CD, 2008 WL 1850796, at *9 (Tenn. Crim. App., at Nashville, Apr. 25, 2008), *perm. app. denied* (Tenn. Oct. 27, 2008); *Billy Merle Meeks v. Ricky J. Bell, Warden*, No. M2005-00626-CCA-R3-HC, 2007 WL 4116486, at *7 (Tenn. Crim. App., at Nashville, Nov. 13, 2007), *perm. app. denied* (Tenn. Apr. 7, 2008). We conclude that the petitioner did not file the petition for post-conviction review prior to the expiration of the statute of limitations and has failed to state the basis for the application of any exception to toll the statute. Therefore, the post-conviction court properly dismissed the petition.

## Conclusion

Based on the foregoing reasons, we affirm the judgment of the post-conviction court.

_____
J.C. McLIN, JUDGE