IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 12, 2014

**JACK T. JONES v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Sumner County**
**No. 232-2014    Dee David Gay, Judge**

**No. M2014-00863-CCA-R3-PC - Filed September 10, 2014**

The Petitioner, Jack T. Jones, appeals from the summary dismissal of his "Motion to Reopen Post-Conviction Petition," seeking relief from his four 2007 convictions for aggravated sexual battery. In his pleading, the Petitioner argued that the Sentencing Reform Act of 1989 is unconstitutional in violation of the separation of powers doctrine and, therefore, the trial court lacked jurisdiction to accept his guilty pleas and impose sentence. The post-conviction court treated the pleading as a petition for post-conviction relief and dismissed it as untimely. On appeal, the Petitioner contends that the statute of limitations should be tolled because trial counsel "should have known that the 1989 [A]ct was declared unconstitutional" and, thus, he provided ineffective assistance. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Jack T. Jones, pro se, Pikeville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; and Clarence E. Lutz, Senior Counsel, for the appellee, State of Tennessee.

**OPINION**
FACTUAL BACKGROUND

In April 2007, the Petitioner pled guilty to four counts of aggravated sexual battery for acts involving his adopted daughter. He was subsequently sentenced as a Range I, standard offender to nine years on each count, with the sentences on three of the four counts to be served consecutively, resulting in an effective sentence of twenty-seven years. The

Petitioner appealed his sentences to this court, arguing (1) that the trial court improperly enhanced his sentences for each individual count based on facts not found by the jury beyond a reasonable doubt, a violation his Sixth Amendment rights as interpreted by the Tennessee Supreme Court in State v. Gomez, 239 S.W.3d 733, 740-41 (Tenn. 2007) (" Gomez II "); and (2) that the trial court improperly imposed consecutive sentences in that the proof established at the sentencing hearing did not justify the imposition of consecutive sentences and that the imposition of consecutive sentences also violated his Sixth Amendment rights as interpreted in Gomez II. See State v. Jack T. Jones, No. M2007-01494-CCA-R3-CD, 2008 WL 4853156, at *1 (Tenn. Crim. App. Nov. 10, 2008), perm. app. denied, (Tenn. May 11, 2009). We concluded that the trial court's enhancement of the Petitioner's individual sentences constituted plain error and, accordingly, reduced the Petitioner's sentence on each count from nine years to eight years. Id. We affirmed the imposition of consecutive sentencing, reasoning that "Sixth Amendment concerns are not implicated by the imposition of consecutive sentences" and that "the evidence produced at the sentencing hearing supported the trial court's imposition of consecutive sentences[.]" Id. The Petitioner's total effective sentence was reduced from twenty-seven years to twenty-four years. Id. Our supreme declined to review that decision on May 11, 2009.

Almost five years later, the Petitioner, pro se, filed a pleading titled "Motion to Reopen Post-Conviction Petition" on March 21, 2014, and his "petition" was attached to this document.[1] Therein, the Petitioner argued that the Sentencing Reform Act of 1989 is unconstitutional in violation of the separation of powers doctrine and, therefore, the trial court lacked jurisdiction to accept his guilty pleas and impose sentence. In a related argument, the Petitioner argued that he was "serving an illegal sentence that [was] imposed under 'unconstitutional conditions' and that the controlling statutory law which he was sentenced was 'void ab initio' and had no force or effect." He then continued to discuss the trial court's lack of jurisdiction. Treating the pleading as a petition for post-conviction relief, the post-conviction court, by order dated April 9, 2014, found that the petition was time-barred and that no due process issues required tolling. The post-conviction court further determined that "the issue raised by the Petitioner ha[d] been 'previously determined' by [this court] on direct appeal." This timely appeal followed.

Under Tennessee Code Annotated section 40-30-102(a), a post-conviction petition must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." The statute provides that the limitations period "shall not be tolled for any reason, including

---

[1] It does not appear that any other post-conviction petition has ever been filed by the Petitioner or on his behalf.

tolling or saving provision otherwise available at law or equity." Tenn. Code Ann. § 40-30-102(a). Failure to file within the limitations period removes the case from the court's jurisdiction. Tenn. Code Ann. § 40-30-102(b).

The limitations period has three statutory exceptions for certain claims involving new constitutional rights, certain claims involving new scientific evidence, and for sentences enhanced by subsequently overturned convictions. Tenn. Code Ann. § 40-30-102(b). Nothing in the record suggests that any of these exceptions apply to the Petitioner's case. In addition to these statutory circumstances, our supreme court has held that due process principles may require tolling the statute of limitations based upon the conduct of a petitioner's lawyer, for example, in situations when an attorney has abandoned the petitioner or actively lied or misled the petitioner regarding his case. Whitehead v. State, 402 S.W.3d 615, 631 (Tenn. 2013). To succeed upon such a claim, a petitioner must show "(1) that he or she had been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." Id.

Here, the Petitioner contends that the statute of limitations should be tolled because trial counsel "should have known that the 1989 [A]ct was declared unconstitutional" and, thus, he provided ineffective assistance. The Petitioner has raised constitutional violations based upon both the Sixth Amendment and the separation of powers of doctrine. First, neither of these constitutional allegations are viable due process claims requiring tolling of the one-year statute of limitations. Moreover, the 1989 Sentencing Act has never been declared unconstitutional in a separation of powers context. See Kim Lamar Witt v. State, No. 01C01-9606-CR-00274, 1997 WL 469914, at *1-2 (Tenn. Crim. App. Aug. 15, 1997). Additionally, the post-conviction court correctly determined that the constitutionality of the Sentencing Act based upon Sixth Amendment concerns was addressed by this court on direct appeal. An issue decided on direct review is considered previously determined for the purposes of post-conviction relief if there has been a ruling on the merits after a full and fair hearing. See Tenn. Code Ann. § 40-30-106(f), (h). Also, the Petitioner raises his Sixth Amendment claim in the context of ineffective assistance of counsel; however, because these issues have already been addressed, the Petitioner cannot establish either deficient performance or further prejudice. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

Accordingly, based on the record as presented, no facts exist that would require a tolling of the statute of limitations for due process concerns, and no other exceptions to the one-year statute of limitations apply. The judgment of the post-conviction court summarily dismissing the petition is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

-3-