IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 16, 2014

## STATE OF TENNESSEE v. RAFAEL ANTONIO BUSH

**Appeal from the Circuit Court for Rutherford County**
**No. F57073, F50300B     David M. Bragg, Judge**

---

### No. M2014-01193-CCA-R3-CD - Filed December 18, 2014

---

The Petitioner, Rafael Antonio Bush, was convicted of especially aggravated robbery, aggravated burglary, and aggravated assault. On direct appeal, this Court affirmed his convictions and sentence. *State v. Rafael Antonio Bush*, No. M2002-02390-CCA-R3-CD, 2004 WL 794755 (Tenn. Crim. App., at Nashville, April 14, 2004), *no Tenn. R. App. P. 11 application filed*. Subsequently, the Petitioner filed a petition for post-conviction relief, alleging that he received the ineffective assistance of counsel at trial. The trial court denied the petition after a hearing, and this Court affirmed the post-conviction court's judgment denying relief. *Rafael Antonio Bush v. State*, No. M2005-02967-CCA-R3-PC, 2006 WL 2682825 at *1 (Tenn. Crim. App., at Nashville, Sept. 7, 2006), *perm. app. denied* (Tenn. Dec. 27, 2006). On April 24, 2014, the Petitioner filed a motion to reopen his petition for post-conviction relief. The post-conviction court denied the motion to reopen, and the Petitioner appeals that decision. After a thorough review of the record and applicable law, we affirm the judgment of the post-conviction court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and JOHN EVERETT WILLIAMS, J., joined.

Rafael Antonio Bush, Whiteville, Tennessee, Pro Se.

Herbert H. Slatery, III, Attorney General and Reporter; Benjamin A. Ball, Senior Counsel; William C. Whitesell, Jr., District Attorney General, for the appellee, State of Tennessee.

**OPINION**

# I. Background
## A. Facts at Trial

This case arises from five men breaking into the home of Pascual Lopez-Blacos, demanding money from him, and shooting him in the leg. *Bush*, 2004 WL 794755, at * 1. After a trial on the charges, a Rutherford County jury convicted the Petitioner of especially aggravated robbery, a Class A felony; aggravated burglary, a Class C felony; and aggravated assault, a Class C felony. The trial court sentenced him as a violent offender to twenty-two years for the robbery conviction, four years for the burglary conviction, and four years for the assault conviction, all to run concurrently. This Court affirmed the Petitioner's convictions and sentence on April 14, 2004. *Id.*

## B. Post-Conviction Petition

The Petitioner filed a petition for post-conviction relief on May 11, 2005, alleging that at trial he had received the ineffective assistance of counsel. He asserted that his trial counsel was ineffective for failing to request that the jury be instructed about accomplice testimony. After a hearing, the trial court denied the Petitioner relief and this Court affirmed the post-conviction court's judgment. *Bush*, 2006 WL 2682825 at *1.

On April 24, 2014, the Petitioner filed a motion to reopen his post-conviction petition, "pursuant T.C.A. § 40-30-117(a)(1), § 40-35-401 (Appeal of Sentence) and Rule 36.1 to Correct the Illegal Sentence imposed upon him on December 13, 2001 by the Circuit Court for Rutherford County, Tennessee." On May 8, 2014, the post-conviction court issued an order denying the Petitioner's motion to reopen as follows:

> The Petitioner, Antonio Bush, filed a pro *se* Motion to Reopen Petition for Post Conviction Relief Pursuant to 36.1 Correction of Illegal Sentence on April 24, 2014. The motion is based on the allegation that under T.C.A. 40-30-1[17] he is entitled to have his petition reopened based on what he claims is an illegal sentence. The court finds that there are not new constitutional grounds to reopen the petitioners petition for post conviction relief. Therefore, the motion is DENIED.

> Pursuant to T.C.A. § 40-30117(a), a court may reopen a petitioner [sic] for post conviction relief if the petition was based upon a final ruling of the highest state appellate court or the United States Supreme Court that established a constitutional right that was not recognized at the time of trial and retrospective application of that right is required. The motion must be filed within one year of the ruling of the highest state appellate court or US

Supreme Court.

The Petitioner relies upon Rule 36.1 and the rulings in Apprendi v. New Jersey, 530 U.S. 466 (2000), Cunningham v. California, 127 S.Ct. 856 (2007), and State v. Gomez, 239 S.W.3d 733, 736 (Tenn. 2007). The Petitioner asserts that those cases state that the federal constitution's jury trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum, based on facts other than prior convictions, not found by a jury or admitted to by the defendant.

While we agree with the [P]etitioner's assertion of the law in those cases, the decision in Gomez, the last case decided, was issued on October 9, 2007, therefore, the statute of limitations to apply for a re-opening of a petition for post conviction relief based on this ruling ended on October 9, 2008. Therefore, the [P]etitioner's motion was not timely filed, and it is not necessary for the court to further analyze the validity of the Petitioner's claim. The court would note that the new constitutional right to have a jury find a fact that would increase the maximum sentence for a defendant besides prior convictions was created by the Court's holding in Apprendi which was issued on June 26, 2000, almost fourteen (14) years before the [P]etitioner has [sic] filed this Motion.

There is nothing in the language of Tenn. R. Crim. P Rule 36.1 to indicate that it is a new constitutional right. Rule 36.1, which allows for the correction of illegal sentences, says that the proper format to amend such a sentence is by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered, not to file a Motion to Reopen a Petition for Post Conviction Relief.

Therefore, the [P]etitioner's motion to reopen the Petition for Post Conviction Relief is DISMISSED.

It is from that judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends that the post-conviction court abused its discretion when it denied his motion to reopen his petition. The Petitioner relies upon *Blakely v. Washington*, 542 U.S. 296 (2004), in support of his assertion that he is entitled to relief. The State responds that the Petitioner has failed to comply with the procedural requirements for

3

an appeal of the post-conviction court's dismissal of his motion to reopen and, therefore, these claims are not properly before this Court and should be dismissed. The State further contends that, even if the Petitioner's appeal were properly before this Court, the Petitioner would not be entitled to relief because he has failed to allege a ground upon which a motion to re-open or a motion to correct an illegal sentence could be granted.

The State correctly notes that the Petitioner did not follow the proper procedure for an appeal from the denial of a motion to re-open a petition for post-conviction relief. We agree that there are technical deficiencies in the appellate application, however, even absent the deficiencies, the Petitioner is not entitled to relief.

The Post-Conviction Procedure Act sets forth narrow circumstances in which a petition for post-conviction relief may be reopened. The statute provides that a petitioner may only prevail on a motion to reopen if:

> (1) The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The motion must be filed within one (1) year of the ruling of the highest state appellate court or the United States Supreme Court establishing a constitutional right that was not recognized as existing at the time of trial; or
>
> (2) The claim in the motion is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the motion must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid[.]

T.C.A. § 40-30-117(a)(1)-(3) (2014).

The post-conviction court found that the Petitioner's claims did not meet the criteria of Tennessee Code Annotated section 40-30-117 for reopening a previous petition. We agree. Further, we agree with the post-conviction court's conclusion that *Blakely* and its progeny do not afford relief to the Petitioner. Thus, we conclude that the criteria necessary to reopen a prior petition are not present in the Petitioner's case. Therefore, the

4

post-conviction court properly denied his motion to reopen his petition.

The Petitioner titled his motion as a motion to reopen his petition for post-conviction relief, however, in his petition, he refers to Tennessee Rule of Criminal Procedure 36.1. This rule provides:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

> (b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a *colorable claim* that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

> (c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

> . . . .

> (d) Upon the filing of an amended uniform judgment document or order otherwise disposing of a motion filed pursuant to this rule, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure.

Tenn. R. Crim. P. 36.1 (emphasis added). Prior to the adoption of this Rule, petitioners generally had to seek relief from illegal sentences through habeas corpus or post-conviction proceedings. *See, e.g., Cantrell v. Easterling*, 346 S.W.3d 445, 453, 453 n.7 (Tenn. 2011).

Because Rule 36.1 does not define "colorable claim," we have adopted the definition of a colorable claim used in the context of post-conviction proceedings from Tennessee Supreme Court Rule 28 § 2(H): "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [appellant], would entitle [appellant] to relief. . . ." *State v. David Morrow*, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071, at *2 (Tenn. Crim. App., at Jackson, Aug. 13, 2014), *no Tenn. R. App. P. 11 filed*; *State v. Mark Edward Greene*, No.

M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App., at Nashville, July 16, 2014), *no Tenn. R. App. P. 11 filed.*

The Petitioner's claim of a *Blakely* violation, if true, would not render the judgment void. *See Duane M. Coleman v. State,* M2012-00848-CCA-R3-PC, 2013 WL 948430, at *3 (Tenn. Crim. App, at Nashville, March 11, 2013), *no Tenn. R. App. P. 11 application filed*; *Timothy R. Bowles v. State*, No. M2006-01685-CCA-R3-HC, 2007 WL 1266594, at *3 (Tenn. Crim. App., at Nashville, May 1, 2007), *no Tenn. R. App. P. 11 application filed*. Because a *Blakely* violation does not meet the Rule 36.1 definition of an illegal sentence and does not establish a void or otherwise illegal judgment, the Petitioner has failed to state a colorable claim for relief. Accordingly, we affirm the judgment of the post-conviction court.

### III. Conclusion

Based upon the foregoing and the record as a whole, we affirm the judgment of the post-conviction court.

_____
ROBERT W. WEDEMEYER, JUDGE