IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 5, 2020

**DAVID VON BROWN v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County**
**No. C-19-176   Roy B. Morgan, Jr., Judge**

_____

**No. W2019-02181-CCA-R3-PC**

_____

The Petitioner, David Von Brown, appeals from the Madison County Circuit Court's denial of his petition for post-conviction relief from his convictions for possession of 0.5 gram or more of cocaine with intent to sell, possession of 0.5 gram or more of cocaine with intent to deliver, two counts of possession of a firearm during the commission of a dangerous felony, two counts of possession of a firearm during the commission of a dangerous felony by a person having a prior felony conviction, and being a felon in possession of a firearm, and the effective seventeen-year sentence.[1]  On appeal, the Petitioner contends that the post-conviction court erred in denying relief on his ineffective assistance of counsel claims.  We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and J. ROSS DYER, JJ., joined.

Vicki M. Carriker, Memphis, Tennessee, for the Appellant, David Von Brown.

Herbert H. Slatery III, Attorney General and Reporter; Katharine K. Decker, Assistant Attorney General; Jody S. Pickens, District Attorney General; Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner's convictions result from his swerving across two lanes of traffic and almost hitting two pedestrians.  An officer who observed the incident attempted to

_____

[1] The trial court merged the two drug possession convictions, and it merged the four convictions for possessing a firearm during the commission of a dangerous felony.

stop the Petitioner, who fled by evasive driving. Eventually, the Petitioner stopped his car and fled on foot. The officer chased the Petitioner on foot and noticed that the Petitioner held something in his hand which reflected in the light of a street lamp. The officer attempted to restrain the Petitioner, who had tried to climb over a fence, and the two struggled until two other officers arrived to assist in handcuffing the Petitioner. Officers searched unsuccessfully for the object that had been in the Petitioner's hand. The Petitioner was booked into the jail, at which time he had $670 in his possession. Later, an officer listened to recordings of the Petitioner's jailhouse telephone calls. In a call, the Petitioner instructed another individual to "go to the front of [an individual's] mom's house . . . [and] check underneath the car." Based upon this information, the police recovered a handgun and two bags of cocaine from underneath a car parked at an address where the Petitioner and the initial apprehending officer had struggled in the driveway on the night of the arrest. *State v. David Von Brown*, No. W2017-00220-CCA-R3-CD, 2018 WL 1603044, at *1-3 (Tenn. Crim. App. Mar. 29, 2018), *perm. app. denied* (Tenn. July 19, 2018).

> Relative to the incident, the Petitioner
>
> was charged with possession of .5 grams or more of cocaine with intent to sell or deliver (Counts 1 and 2); possession of a firearm during the commission of a dangerous felony (Counts 3 and 4); possession of a firearm during the commission of a dangerous felony by one having a prior felony conviction (Counts 5 and 6); felony evading arrest (Count 7); reckless driving (Count 8); driving on a canceled, suspended, or revoked license (Count 9); driving on a canceled, suspended, or revoked license— prior offender (Count 10); assault (Count 11); resisting arrest (Count 12); violation of the gang enhancement statute (Counts 13, 14, and 16); and felon in possession of a firearm (Count 15).
>
> Prior to trial, the court granted the State's motion to dismiss Count 8. The court also dismissed Counts 13, 14, and 16, relating to the gang enhancement statute, pursuant to this court's decision in *State v. Bonds*, 502 S.W.3d 118 (Tenn. Crim. App. 2016). It appears that an earlier trial was held in May 2016, at which the jury found the [Petitioner] guilty as charged in Counts 7, 9, 11, and 12 but was hung on the remaining counts. A few months later, the [Petitioner] entered a guilty plea in Count 10. A retrial was held on the remaining counts, Counts 1 through 6 and 15, in October 2016.

*Id.* at *1.

The Petitioner appealed after he was convicted at the second trial. He did not obtain relief on appeal, and he then filed a pro se post-conviction petition. As relevant to the current appeal, the petition alleged that he had received the ineffective assistance of counsel in the conviction proceedings. Counsel was appointed, although the Petitioner later retained counsel, who was substituted as counsel of record. A series of amended petitions were filed by the original counsel and by substitute counsel.

At the post-conviction hearing, trial counsel testified that his representation of the Petitioner began in circuit court. Counsel testified that, at the time, the Petitioner was serving a sentence related to a parole violation. Counsel said he met with the Petitioner either in person or by videoconference. He thought he reviewed the discovery material with the Petitioner at the jail.

Trial counsel testified that he "would have received an offer from the State" and that he did not recall specifics of the plea offer. Counsel said he would have reviewed the offer with the Petitioner to see if the Petitioner wanted to accept it or negotiate further. Counsel said he discussed the case at length with the Petitioner and recalled that the Petitioner "was pretty set on going to trial." Counsel thought the State made a second, more favorable offer but that the Petitioner rejected it. Counsel said that the Petitioner's first trial resulted in a hung jury and that the trial court declared a mistrial.[2] Counsel said further plea negotiations "probably" took place after the mistrial but did not recall the specifics of an offer.

Trial counsel testified that the Petitioner filed several pro se motions. Counsel said he discussed these motions with the Petitioner and advised the Petitioner that counsel could not proceed on any motions for which no factual or legal basis existed.

Trial counsel testified that the telephone call in which the Petitioner referred to items left at the place of his arrest did not contain specifics about the items. Counsel thought the evidence was recovered the day after the arrest. He said he did not need to request a bill of particulars to discover when the State alleged the evidence was collected. He said he "knew what the State was referring to" and that he was aware of the "specific allegation."

Trial counsel testified that he discussed the possibility of a stipulation regarding the Petitioner's prior felony conviction related to the gun possession charge. Counsel said he thought the Petitioner would not want the jury to know the specific conviction. Counsel said, however, that the Petitioner refused to stipulate to the existence of a prior conviction. Counsel said he did not know if the Petitioner could not understand or was

_____

[2] As we have stated, other evidence shows that the jury reached a verdict as to some counts but was deadlocked as to a verdict on others. The mistrial was related to the counts on which the jury was deadlocked.

unconcerned about the jury's knowing the specific offense involved in the prior conviction. Counsel thought the Petitioner's desire not to stipulate to the existence of a prior conviction "was addressed before the Court at some point in time," although it may not have been on the day of the trial. Counsel did not recall the specifics of the Petitioner's criminal history. Counsel said that the if record showed that the Petitioner "had a prior felony that was not drug-related," counsel would not have asked for the non-drug-related felony to "be admitted instead of the drug charge" if the indictment "indicated a felony drug offense." Counsel agreed that the State had a choice as to which prior felony to elect and that counsel had no choice as to the prior felony the State elected.

Trial counsel testified that he "vaguely remember[ed]" ballistics testing having been performed and that he did not think it was used in this case. He did not recall DNA testing having been performed but said he would defer to the trial transcript if it reflected questioning about DNA testing. He said that DNA analysis and fingerprint analysis were not typically used in cases involving possession of a handgun. He said he generally did not ask for fingerprint testing in cases of this nature because "you may run the risk of giving incriminating evidence based upon your request." He did not think he requested it in the present case. He said that if the State had not performed fingerprint analysis, he preferred to argue that the State had not fulfilled its burden of proof. Counsel agreed that the issue of propensity arose because the Petitioner was charged with a drug offense and had a prior drug conviction.

Trial counsel did not recall Lieutenant Rodney Anderson's having testified at the trial that Lieutenant Anderson "had been involved numerous times with" the Petitioner. When shown the trial transcript reflecting that Lieutenant Anderson testified he was "familiar" with the Petitioner and had "dealt with him several times," counsel said he did not object because Lieutenant Brown had not indicated how he met the Petitioner and because counsel did not want to ask for the specifics.

Trial counsel testified that he did not question Officer Andy Smith about not "wearing gloves" while collecting the gun and drugs as evidence. Counsel said he could have questioned Officer Smith about whether he had violated a policy but that he did not pursue this line of questioning because the main issue was whether Officer Smith found drugs and a gun. Counsel acknowledged, however, that if the transcript reflected that the items had been tested for DNA evidence, the transcript would be correct.

Regarding a portion of the trial transcript reflecting that trial counsel made a hearsay objection when Sergeant Gilley began testifying about what another officer told him about the Defendant's having been arrested the previous night, trial counsel said he did not ask the court to instruct the jury to disregard the testimony because the information about the Defendant's arrest was already before the jury.

-4-

Trial counsel testified that he did not go to the crime scene in this case and that he typically did not in his cases. He agreed that the gun and drugs were found under a car parked in a carport. He agreed that factual issues existed regarding how the evidence got there and who might have put it there, given that the area was open. He did not recall the officers' testimony about the extent of their investigation at the scene. Counsel did not think he needed to go to the scene in order to impeach an officer's testimony about having seen the evidence under the car from the street. Counsel thought he could impeach the testimony "just based on everyday life and [his] own personal experience."

Regarding a question from the jury about why the person with whom the Petitioner spoke by telephone from the jail was not called as a witness, trial counsel testified that he did not object to the trial court's instruction that "the State chose not to call her to testify." He said he did not perceive a basis for an objection and thought the court's answer was sufficient. Counsel said that, upon reflection, he thought this witness's testimony would have been more harmful than helpful to the Petitioner's case if she had testified consistently with her pretrial statement. Counsel later said that he did not recall if the witness had been called at the Petitioner's first trial but acknowledged that she might have been. He did not recall that she testified she had been forced to say untrue things in her pretrial statement, but he said, "She may have." Counsel said he did not remember.

Trial counsel testified that he had filed a motion for jury instructions related to the proposed stipulation and that he had withdrawn the motion when the Petitioner refused to stipulate to the fact of his prior felony conviction.

Trial counsel testified that he typically filed a notice of mitigating factors but that he did not have one in his file for this case. Counsel said he had misplaced his trial file but that he had his appellate file. Counsel agreed that he might have made a one-sentence request for the court to "consider all mitigating factors." He did not recall having interviewed the Petitioner's family members. He said he generally did not obtain a defendant's school or mental health records unless they were relevant to an issue. He agreed that evidence of the Petitioner's having complied with drug screens and having maintained employment while on parole "could be" mitigating evidence. Counsel thought evidence of this nature would have been included in the presentence report. Counsel agreed that the Petitioner faced a significant sentence and that an attorney's job included ensuring that the court considered any mitigating evidence.

Trial counsel thought he had obtained a copy of the preliminary hearing transcript. He said that the district attorney's office had an "open file" policy and that he would have had access to anything in the file. He agreed that he would have had the same information as the district attorney's office, whether or not he filed a request for a bill of

particulars. He agreed that current caselaw held that no bill of particulars was necessary if the defense had access to all evidence in the State's possession. Counsel said he took advantage of the State's open file policy and was not surprised by anything that emerged during the trial. Counsel agreed the Petitioner had two trials and that counsel heard all of the evidence twice.

Trial counsel testified that he listened to the Petitioner's jail telephone calls. Counsel agreed that a person had no expectation of privacy in jail telephone calls. He agreed that the Petitioner would have been notified of the lack of privacy and that there would have been no basis for suppression of the contents of the calls. He agreed that the drugs and gun were recovered based upon information obtained when the authorities listened to the recordings of the Petitioner's telephone calls.

The Petitioner elected not to testify. The presentence report, photographs of the trial evidence, preliminary hearing transcript, and pretrial statement of the person with whom the Petitioner spoke during jail telephone calls were received as exhibits offered by the State.

The post-conviction court credited trial counsel's testimony as "straightforward and truthful." The court found that the Petitioner failed to carry his burden of showing that counsel's performance had been deficient and that the Petitioner had been prejudiced by the alleged deficiency. This appeal followed.

On appeal, the Petitioner contends that the post-conviction court erred in denying relief on his claims that trial counsel was ineffective because counsel (1) failed to investigate adequately before the trial and the retrial, (2) failed to object to or failed to develop various evidentiary matters at the trial, and (3) engaged in "cumulative errors." The State responds that the trial court did not err in denying relief. We agree with the State.

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2012). A petitioner has the burden of proving his factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f) (2012). A post-conviction court's findings of fact are binding on appeal, and this court must defer to them "unless the evidence in the record preponderates against those findings." *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *see Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's application of law to its factual findings is subject to a de novo standard of review without a presumption of correctness. *Fields*, 40 S.W.3d at 457-58.

To establish a post-conviction claim of the ineffective assistance of counsel in violation of the Sixth Amendment, a petitioner has the burden of proving that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Lockhart v. Fretwell*, 506 U.S. 364, 368-72 (1993). The Tennessee Supreme Court has applied the *Strickland* standard to an accused's right to counsel under article I, section 9 of the Tennessee Constitution. *See State v. Melson*, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

A petitioner must satisfy both prongs of the *Strickland* test in order to prevail in an ineffective assistance of counsel claim. *Henley*, 960 S.W.2d at 580. "[F]ailure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). To establish the performance prong, a petitioner must show that "the advice given, or the services rendered . . . are [not] within the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975); *see Strickland*, 466 U.S. at 690. The post-conviction court must determine if these acts or omissions, viewed in light of all of the circumstances, fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. A petitioner "is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy by his counsel, and cannot criticize a sound, but unsuccessful, tactical decision." *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *see Pylant v. State*, 263 S.W.3d 854, 874 (Tenn. 2008). This deference, however, only applies "if the choices are informed . . . based upon adequate preparation." *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). To establish the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

# I

## Failure to Investigate

The Petitioner contends that the post-conviction court erred in denying his ineffective assistance of counsel claim relative to trial counsel's failure to request fingerprint testing of the gun collected as evidence. He argues that the gun should have been tested for fingerprints before the gun was submitted for ballistic testing, which destroyed potential fingerprint evidence. He also argues that counsel failed to visit and photograph the scene.

Trial counsel's testimony reflects that he did not request fingerprint testing as a matter of strategy. He said fingerprint analysis was not typical in cases involving possession of a handgun and that he generally did not ask for fingerprint testing in

handgun possession cases because "you may run the risk of giving incriminating evidence based upon your request." Counsel said that if the State had not performed fingerprint analysis, he preferred to argue that the State had not fulfilled its burden of proof. The post-conviction court credited counsel's testimony regarding counsel's trial strategy of arguing that the State had not met its burden, as opposed to requesting fingerprint analysis and risking the discovery of unfavorable evidence. We note, as well, that the Petitioner's jail telephone calls identified a location where evidence was stored, and that the gun and drugs were later discovered at this location, which was the scene where he had been seen carrying something as he fled from police immediately before his arrest. Thus, even if fingerprint analysis had been conducted at counsel's request and did not reveal the presence of the Petitioner's fingerprints, other compelling evidence tied the Petitioner to prior possession of the gun. The post-conviction court concluded that the Petitioner failed to prove his claim, and the record supports the court's determination.

Turning to the Petitioner's argument that trial counsel was ineffective because counsel did not visit and photograph the scene, the record reflects that counsel did not think this was necessary in order to conduct an effective cross-examination of the officer who discovered the gun and drugs under the car at the scene. The photographs received as exhibits depict the gun and drugs under a car at the scene, but they do not suggest any limitations on counsel's ability to cross-examine the officer who discovered the items based upon counsel's lack of first-hand familiarity with the scene. The Petitioner did not offer any photograph evidence at the post-conviction hearing to demonstrate that counsel could have more effectively impeached the officer with the use of photographs that counsel could have taken if he had visited the scene. Counsel testified that the State had an open file policy and that he was able to review any evidence in the State's possession before the trial, which would have included the State's photographs of the scene. The post-conviction court found that counsel determined that visiting the scene was unnecessary, based upon the discovery information and the facts of the case. The court also found that the Petitioner failed to show that counsel's lack of visiting the scene impaired the defense. The court credited counsel's testimony, and the record supports its determination.

Upon review, we conclude that the record supports the post-conviction court's determination that the Petitioner failed to prove his claims regarding the adequacy of trial counsel's investigation. The Petitioner is not entitled to relief on this basis.

## II

## Evidentiary Issues

In a myriad of complaints regarding evidentiary issues at the trial, the Petitioner contends that trial counsel was ineffective because counsel (1) did not object to

-8-

Lieutenant Anderson's testimony that he knew the Petitioner from previous encounters, (2) did not question Officer Smith adequately about Officer Smith's collection of the gun without wearing gloves, (3) did not question Tennessee Bureau of Investigation Brock Sain properly regarding the identity of the person who requested DNA analysis and ballistic testing, (4) did not object properly to Sergeant Gilley's testimony regarding another officer's statement to Sergeant Gilley about the Petitioner's having been arrested the previous night, (5) did not object properly to the trial court's answer to the jury's question about why a potential witness did not testify, and (6) did not object to the use of the Petitioner's prior felony drug conviction relative to the weapon possession charge.

First, the Petitioner argues that trial counsel was ineffective because counsel did not object to Lieutenant Anderson's testimony that Lieutenant Anderson was familiar with the Petitioner from previous encounters. Counsel testified that he did not object because Lieutenant Anderson did not provide specifics about the nature of the previous encounters and because counsel did not want to ask for the specifics. The court credited counsel's testimony and found that, in the context of the question, counsel's performance had not been deficient on the basis that counsel did not object. The court noted, as well, that it instructed the jury that the State had the burden of proof and that the jury should not single out any item of evidence. Additionally, the jury received evidence of the Petitioner's prior conviction, which provided contextual information consistent with the officer's familiarity with the Petitioner. The record supports the post-conviction court's denial of relief on this basis.

Second, the Petitioner argues that trial counsel was ineffective because counsel did not to question Officer Smith adequately about Officer Smith's collection of the gun without wearing gloves. The post-conviction court made the following findings in its order denying relief:

> The issue regarding the failure to question witnesses about not preserving DNA or other evidence [and/or] not following proper protocol in forensic examination of a firearm was discussed at trial and the witness gave an explanation as to what testing was done by the TBI and why. [Trial counsel] testified [at the post-conviction hearing] that you can argue burden of proof is always on the State but if you do request testing that can backfire on the defense. The court finds that trial counsel was not ineffective on this issue and that counsel did raise the matter and made argument as to this issue to the jury.

Counsel's testimony reflects that he chose not to request forensic testing as a matter of trial strategy. It follows that inquiry into the procedure for the collection of evidence that was never tested would have been of little consequence in determining whether the State had proven the Petitioner's guilt of the charged offenses. The record supports the post-

conviction court's determination that the Petitioner failed to prove his ineffective assistance of counsel claim relative to cross-examination of Officer Smith.

Next, the Petitioner argues that trial counsel was ineffective because counsel did not question Agent Sain about the identity of the person who requested DNA analysis and ballistics testing. We note, first, that although the issue regarding the questioning of Agent Sain was raised in the third amended petition, the Petitioner did raise it at the post-conviction hearing. Although the post-conviction court did not specifically address the cross-examination of Agent Sain in its order denying relief, we interpret the court's findings, quoted in the previous paragraph, as broadly applicable to all witnesses the Petitioner alleges trial counsel failed to cross-examine adequately regarding the collection, preservation, and testing of the physical evidence. With regard to Agent Sain, specifically, this court's opinion in the Petitioner's appeal of his convictions reflects the following: "On cross-examination, Special Agent Sain agreed that the TBI had facilities for testing DNA and fingerprints, but it was only requested that he conduct an analysis on the narcotics." *David Von Brown*, 2018 WL 1603044, at *3. We conclude that the Petitioner's issue regarding cross-examination of Agent Sain is based upon a faulty factual premise -- that someone requested DNA analysis and ballistics testing -- even though counsel's cross-examination of Agent Sain at the trial showed that no DNA and ballistics testing had been requested. Thus, a question about who requested the testing would have been nonsensical. The jury knew, based on counsel's cross-examination of Agent Sain, that no DNA analysis and fingerprint testing was requested. The record supports the post-conviction court's denial of relief on this basis.

Fourth, the Petitioner argues that trial counsel did not object properly to Sergeant Gilley's testimony regarding another officer's statement to Sergeant Gilley about the Petitioner's having been arrested the previous night. The Petitioner concedes that counsel objected but faults counsel for not having asked the judge to instruct the jury to disregard the testimony and for not moving for a mistrial. Counsel testified that by the time of Sergeant Gilley's testimony, the jury had already heard evidence that the Petitioner had been arrested. The Petitioner has not explained how counsel performed deficiently by not requesting an instruction to strike the testimony and by not requesting a mistrial, nor has he explained how counsel's lack of action prejudiced him, given the jury's prior knowledge of the facts about which Sergeant Gilley testified. The record supports the post-conviction court's denial of relief on this basis.

Fifth, the Petitioner argues that trial counsel did not object properly to the trial court's answer to the jury's question about why a potential witness did not testify. Counsel testified that he did not object because he thought the court provided an accurate answer to the jury's question when the court advised the jury that the potential witness did not testify because the State chose not to call her as a witness. The Petitioner argues that the court's answer "indicates that the proof was strong enough that [the potential

witness's testimony] was not necessary" and that the court's response "opens the door to conjecture by the jury when it would have been sufficient for the jury to be instructed to merely consider the evidence before them." In denying relief, the post-conviction court found that the Petitioner's allegation "rests on pure speculation." The court stated that the trial court "properly received the question and gave the proper response to the question" and that the post-conviction court "cannot speculate as to what the jury might have been thinking." The record supports the post-conviction court's determination.

Sixth, the Petitioner argues that trial counsel was ineffective because counsel did not object to the use of the Petitioner's prior felony drug conviction relative to the weapon possession charges. The Petitioner argues that evidence of the previous conviction was barred by Tennessee Rule of Evidence 404(b) because it could be used as propensity evidence. He claims that his prior burglary conviction, rather than his prior drug conviction, should have been used. Counsel testified that he tried to convince the Petitioner to stipulate to the existence of a prior conviction but that the Petitioner refused. Counsel also testified that the State, not the defense, controlled the decision as to which prior felony conviction to rely upon in seeking a conviction for the weapon possession charge. The post-conviction court found that counsel discussed the matter fully with the Petitioner, who refused to stipulate. The court found that the Petitioner made his choice and that he had failed to show counsel had not advised him properly. The court also found that the felony chosen by the State for proving the firearm offenses "is not for the defense to decide" and that counsel was not ineffective for not objecting.

The Petitioner was charged with possession of a firearm with the intent to go armed during the commission of a dangerous felony, for which existence of a prior felony conviction is a statutory sentencing enhancement factor. *See* T.C.A. § 39-17-1324(a), (g)(2) (2018) (subsequently amended). As such, a jury's finding was required. *See Apprendi v. New Jersey*, 530 U.S. 466 (2000); *State v. Gomez*, 239 S.W.3d 733 (Tenn. 2007). The Petitioner was also charged with unlawfully possessing a firearm after being convicted of a felony drug offense, meaning that the existence of a prior felony drug offense was an element of the crime. *See* T.C.A. § 39-17-1307(a)(1), (b)(1)(B), (b)(3) (Supp. 2013) (subsequently amended). The Petitioner has cited no authority for the anomalous proposition that, notwithstanding the requirement that the State prove the existence of the prior offense in order to obtain sentence enhancement or a conviction, a defendant may interpose a Rule 404(b) objection which prevents the State from proving its case. He also has cited no authority for the proposition that a defendant, rather than the State, has the right to elect the prior felony conviction upon which to rely in seeking sentence enhancement or a conviction for these firearm offenses. The record supports the post-conviction court's determination. The Petitioner is not entitled to relief on this basis.

-11-

## III

## "Cumulative Errors"

The Petitioner contends that trial counsel was ineffective due to "cumulative errors," consisting of the failure to file mitigating factors relevant to sentencing, failing to negotiate a plea agreement following the mistrial, and failing to advise the petitioner adequately regarding the effect of not stipulating to the existence of a prior conviction. The State responds that the trial court did not err in denying relief.

First, regarding the failure to file mitigating factors, the Petitioner argues that counsel should have noted for the trial court that most of the Petitioner's prior convictions were driving-related and that he had maintained employment and passed drug screens while on "supervised release." The trial record reflects that trial counsel relied upon the "catchall" mitigating factor and referred the trial court to unspecified evidence presented at the trial. The presentence report reflects that the Petitioner had an extensive criminal history which included prior felony convictions for evading arrest, automobile burglary, and four drug offenses. In addition, he was on parole at the time he committed the offenses, and he had violated the terms of previous probationary sentences. The Petitioner's argument that his prior offenses consisted mostly of driving-related offenses is overshadowed by his history of felony convictions, and his argument that he should have received mitigating credit for his limited compliance with the conditions of release is likewise overshadowed by his repeated failures to do so in other instances.

Second, the Petitioner argues that trial counsel failed to negotiate a plea agreement following the mistrial. The post-conviction court found that plea negotiations took place before and after the first trial and that the Petitioner "was simply adamant about going to trial."

Third, the Petitioner argues that trial counsel failed to advise him adequately regarding the effect of not stipulating to the existence of a prior conviction. As we have stated, the post-conviction court found that counsel discussed the matter thoroughly with the Petitioner but that the Petitioner refused the stipulation.

The Petitioner argues that the foregoing alleged errors and omissions of counsel constituted cumulative error. The cumulative error doctrine requires relief when "multiple errors [are] committed in the trial proceedings, each of which in isolation constitutes mere harmless error, but which when aggregated, have a cumulative effect on the proceedings so great as to require reversal in order to preserve a defendant's right to a fair trial." *State v. Hester*, 324 S.W.3d 1, 76-77 (Tenn. 2010) (internal citations omitted); *see State v. Jordan*, 325 S.W.3d 1, 79 (Tenn. 2010) ("'[T]he combination of multiple errors may necessitate . . . reversal . . . even if individual errors do not require relief.'")

(quoting *State v. Cribbs*, 967 S.W.2d 773, 789 (Tenn. 1998)).  Here, the Petitioner failed to establish a single instance of deficient performance.  Thus, no cumulative effect of counsel's alleged errors exists.  *See James Allen Gooch v. State*, No. M2014-00454-CCA-R3-PC, 2015 WL 498724, at *10 (Tenn. Crim. App. Feb. 4, 2015) (stating that "a petititoner cannot successfully claim he was prejudiced by [trial] counsel's cumulative error when the petitioner failed to show [trial] counsel's performance was deficient.").

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.


_____
ROBERT H. MONTGOMERY, JR., JUDGE